## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULA F. SOTO,<br>　　Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | C.A. No. 13-10822 |
| CITY OF CAMBRIDGE,<br>　　Defendant. | ) ) ) ) ) | |

## ANSWER OF DEFENDANT, CITY OF CAMBRIDGE

The Defendant, City of Cambridge ("City") submits this Answer in response to the Complaint filed in this action.

## INTRODUCTION

This section is an introduction and states conclusions of law and requires no response. However, to the extent the Introduction makes any allegations they are all denied by the City.

## PARTIES

1. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 1 of the Complaint.

2. The City admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The statement contained in Paragraph 3 of the Complainant is an assertion of jurisdiction of this Court, which the City is not contesting. To the extent Paragraph 3 contains any allegations, they are denied by the City.

4.  The statement contained in Paragraph 4 of the Complaint is an assertion of jurisdiction of this Court, which the City is not contesting.  To the extent Paragraph 4 contains any allegations, they are denied by the City.

5.  The statement contained in Paragraph 5 of the Complaint is an assertion of jurisdiction of this Court, which the City is not contesting.  To the extent Paragraph 5 contains any allegations, they are denied by the City.

6.  Paragraph 6 states a legal conclusion to which no response is required.

7.  The statement contained in Paragraph 7 is an assertion of venue of this Court, which the City is not contesting.

## FACTUAL ALLEGATIONS

8.  The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 8 of the Complaint.

9.  The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 9 of the Complaint.

10. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 10 of the Complaint.

11. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 11 of the Complaint.

12. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 12 of the Complaint.

13. Exhibit 1 to the Complaint speaks for itself and therefore no further answer is required.

14. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 14 of the Complaint.

15. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 15 of the Complaint.

16. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 16 of the Complaint.

17. The City admits that it was contacted by an ACLUM attorney regarding the issue of placing leaflets on parked automobiles and that the City Solicitor at the time informed the ACLUM attorney that he would look into the issue. The City lacks knowledge of information sufficient to form a belief about the truth of Ms. Soto's contact with the ACLUM. Inasmuch as any further response is required, any and all other allegations contained in Paragraph 17 are denied.

18. The City admits that it sent the ACLUM an opinion issued by the Cambridge City Solicitor in 1994 (the "Opinion"). The City denies the remainder of the allegations contained in Paragraph 18 as they are a characterization of the Opinion and the Opinion speaks for itself.

19. The City denies the allegations contained in Paragraph 19 of the Complaint as they are characterizations of the Opinion and of Massachusetts General Laws Chapter 266 Section 126 (the "Statute") and the Opinion and the Statute speak for themselves and the allegations state conclusions of law to which no response is required.

20. The City denies the allegations contained in Paragraph 20 of the Complaint as they are characterizations of the Statute and the Statute speaks for itself and the allegations state conclusions of law to which no response is required.

21. The City denies the allegations contained in Paragraph 21 of the Complaint as they are characterizations of the Opinion and of Cambridge City Ordinance Section 9.04.050 (the

"Ordinance") and the Opinion and the Ordinance speak for themselves and the allegations state conclusions of law to which no response is required.

22. The City denies the allegations contained in Paragraph 22 of the Complaint as they are characterizations of the Ordinance and the Ordinance speaks for itself and the allegations state conclusions of law to which no response is required.

23. The City denies the allegations contained in Paragraph 23 of the Complaint as they are characterizations of the Opinion and the Opinion speaks for itself and the allegations state conclusions of law to which no response is required.

24. The City denies the allegations contained in Paragraph 24 of the Complaint.

25. The City admits that the ACLUM sent the City several court decisions but the City denies the characterization of those court decisions as they speak for themselves. The City admits that it informed the ACLUM in May 2012 that it would continue to enforce the presumptively valid Ordinance and the presumptively valid Statute. The City denies the allegations in the final sentence of Paragraph 25 because it states a legal conclusion that requires no response. The City further denies that any City police officer "threatened" the Plaintiff.

26. The City admits that the City received correspondence from Plaintiff's counsel along with a draft Complaint ("Plaintiff's Letter"). The City denies the remainder of the allegations contained in Paragraph 26 as they are characterizations of the Plaintiff's Letter and court cases and the Plaintiff's Letter and the court cases speak for themselves and the allegations state conclusions of law to which no response is required.

27. The City admits that the City Solicitor sent a letter to the Plaintiff's counsel on March 13, 2013 ("Solicitor Letter") but the City denies the remainder of the allegations contained in

Paragraph 27 of the Complaint as they are characterizations of the Solicitor Letter and the Solicitor Letter speaks for itself.

28. The City denies the allegations contained in Paragraph 28 of the Complaint.

29. The City denies the allegations contained in Paragraph 29 of the Complaint.

30. The City denies the allegations contained in Paragraph 30 of the Complaint.

31. The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 31 of the Complaint and the allegations state conclusions of law to which no response is required.

## COUNT 1

32. The City repeats, re-states and incorporates by reference its responses to the Complaint in the foregoing paragraphs as fully set forth herein.

33. The City denies the allegations in Paragraph 33 of the Complaint.

34. The City denies the allegations contained in Paragraph 34 of the Complaint.

35. The City denies the allegations contained in Paragraph 35 of the Complaint.

36. The City denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT 2

37. The City repeats, re-states and incorporates by reference its responses to the Complaint in the foregoing paragraphs as fully set forth herein.

38. The City denies the allegations of Paragraph 38 of the Complaint.

39. The City denies the allegations of Paragraph 39 of the Complaint.

40. The City denies the allegations of Paragraph 40 of the Complaint.

41. The City denies the allegations of Paragraph 41 of the Complaint.

42. The City denies the allegations of Paragraph 42 of the Complaint.

## CLAIM FOR RELIEF

The remainder of the Complaint is a Claim for Relief to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

The Ordinance is presumptively valid as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

The Ordinance as applied and on its face is constitutional and does not violate the Plaintiff's First Amendment Rights under the Federal Constitution.

## THIRD AFFIRMATIVE DEFENSE

The Ordinance as applied and on its face is constitutional and does not violate the Plaintiff's rights under the Massachusetts Declaration of Rights.

## FOURTH AFFIRMATIVE DEFENSE

The Statute as applied is constitutional and does not violate the Plaintiff's First Amendment Rights under the Federal Constitution.

## FIFTH AFFIRMATIVE DEFENSE

The Statute as applied is constitutional and does not violate the Plaintiff's rights under the Massachusetts Declaration of Rights.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's leaflets constitute commercial speech.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's admitted actions of placing leaflets on parked motor vehicles without the owner's consent is "posting" or "attaching" an "advertisement or notice" on "private property" without the consent of the owner and therefore is done in violation of the Ordinance.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's admitted actions of placing leaflets on parked motor vehicles without the owner's consent is "affixing" or "putting upon" an "advertisement or notice which is not required by law

to be posted" on "the property of another" without first obtaining the consent of the property owner and is therefore done in violation of the Statute.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

Respectfully submitted,
CITY OF CAMBRIDGE,
By its attorney,

/s/ Amy L. Witts
Amy L. Witts, Esq. (BBO# 657466)
Cambridge Law Department
Cambridge City Hall
795 Massachusetts Avenue
Cambridge, MA  02139
(617) 349-4121
awitts@cambridgema.gov

DATED:        May 7, 2013

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be mailed to those indicated on the NEF as non-registered participants on or before May 7, 2013.

/s/ Amy L. Witts