UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULA F. SOTO, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 13-10822 |
| CITY OF CAMBRIDGE, | ) ) ) | |
| Defendant. | ) ) | |

## RULE 5.1 NOTICE OF POSSIBLE CONSTITUTIONAL QUESTION

PLEASE TAKE NOTICE, pursuant to Fed. R. Civ. P. 5.1 and 28 U.S.C. § 2403, that in the above-captioned action, the constitutionality of Mass. Gen. Laws ch. 266, § 126 ("Section 126"), may be drawn into question if the Court were to find that Section 126 applies to, and interferes with, Plaintiff Paula F. Soto's right to freedom of expression. This notice is given by Soto in her capacity as the Plaintiff.

As explained in greater detail in the First Amended Complaint, the City of Cambridge (the "City") has adopted a policy of prohibiting the placement of leaflets on automobiles (the "Policy"). In enforcing that Policy, the City purports to rely on Section 126.[1] Section 126 does not explicitly prohibit the placement of leaflets on automobiles. Nonetheless, the City has interpreted Section 126 as prohibiting such conduct.

Soto alleges that the City's Policy violates her rights to free speech under the First Amendment to the United States Constitution and Article XVI of the Massachusetts Declaration of Rights. Soto further alleges that Section 126 does not apply to the placement of leaflets on

---

[1] The City also purports to rely on City of Cambridge Ordinance, § 9.04.050. For purposes of this Notice of Possible Constitutional Question, Soto focuses on Section 126.

automobiles.  Nor does the statute purport to apply to activities constituting the exercise of free speech.  To the extent that Section 126 is interpreted to apply and prohibit and/or criminalize Soto's exercise of free speech, it would be unconstitutional on its face and as applied to Soto .

Counsel for Soto previously filed a Rule 5.1 Notice shortly after the original complaint was filed.  *See* Docket No.  9.  A copy of this notice, along with the First Amended Complaint, are being served on the Massachusetts Attorney General, in accordance with Fed. R. Civ. P. 5.1(a)(2), by certified mail at: Office of Attorney General Martha Coakley, One Ashburton Place, Boston, MA, 02108.

Dated:  August 26, 2014                           Respectfully submitted,

                                              /s/ Thaila K. Sundaresan
Richard A. Johnston (BBO# 253420)
Kevin S. Prussia (BBO# 666813)
Thaila K. Sundaresan (BBO# 683616)
Julia M. Ong (BBO# 685014)
WILMER CUTLER PICKERING
 HALE AND DORR, LLP
60 State Street
Boston, MA  02109
Telephone:  617-526-6000
Facsimile:  617-526-5000
richard.johnston@wilmerhale.com
kevin.prussia@wilmerhale.com
thaila.sundaresan@wilmerhale.com
julia.ong@wilmerhale.com

Of Counsel:

Matthew R. Segal (BBO# 654489)
AMERICAN CIVIL LIBERTIES UNION
 OF MASSACHUSETTS
211 Congress Street, 3rd Floor
Boston, MA  02110
Telephone:  617-482-3170
Facsimile:  617-451-0009
msegal@aclum.org

*Attorneys for Plaintiff Paula F. Soto*

**Certificate of Service**

  I, Thaila Sundaresan, hereby certify that the Notice of Possible Constitutional Question filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on August 26, 2014.

                  /s/ Thaila K. Sundaresan_____
                  Thaila K. Sundaresan