## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

PAULA F. SOTO,
      Plaintiff,


v.                                 C.A. No. 13-10822-JGD


CITY OF CAMBRIDGE,
      Defendant.
_____

### ANSWER OF DEFENDANT CITY OF CAMBRIDGE
### TO THE FIRST AMENDED COMPLAINT

The Defendant, City of Cambridge ("City") submits this Answer in response to the First Amended Complaint filed in this action.

### INTRODUCTION

This section is an introduction and states conclusions of law and requires no response. However, to the extent the Introduction makes any allegations they are all denied by the City.

### PARTIES

1.      The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 1 of the First Amended Complaint.

2.      The City admits the allegations contained in Paragraph 2 of the First Amended Complaint.

### NATURE OF THE ACTION

3.      The statements contained in Paragraph 3 of the First Amended Complaint state conclusions of law to which no response is required. To the extent Paragraph 3 contains any allegations, they are denied by the City.

4.     The statements contained in Paragraph 4 of the First Amended Complaint state conclusions of law to which no response is required. To the extent Paragraph 4 contains any allegations, they are denied by the City.

## JURISDICTION AND VENUE

5.     The statements contained in Paragraph 5 of the First Amended Complaint state conclusions of law to which no response is required. To the extent that the statement contained in Paragraph 5 of the First Amended Complaint is an assertion of jurisdiction of this Court, the City does not contest this.  To the extent Paragraph 5 contains any allegations, they are denied by the City.

6.     The statements contained in Paragraph 6 of the First Amended Complaint state conclusions of law to which no response is required. To the extent that the statement contained in Paragraph 6 of the First Amended Complaint is an assertion of jurisdiction of this Court, the City does not contest this.  To the extent Paragraph 6 contains any allegations, they are denied by the City.

7.     The statements contained in Paragraph 7 of the First Amended Complaint state conclusions of law to which no response is required. The statement contained in Paragraph 7 of the First Amended Complaint is an assertion of venue of this Court, which the City is not contesting.

## FACTUAL ALLEGATIONS

8.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the First Amended Complaint.

9.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the First Amended Complaint.

2

10.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the First Amended Complaint.

11.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the First Amended Complaint.

12.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the First Amended Complaint.

13.     Exhibit 3 to the Complaint speaks for itself and therefore no further answer is required. To the extent that this alleges facts about the document, the City has insufficient knowledge of the contents to admit or deny.

14.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the First Amended Complaint.

15.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the First Amended Complaint.

16.     The City denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17.     The City admits that it was contacted by an ACLUM attorney regarding the issue of placing leaflets on parked automobiles and that the City Solicitor at the time informed the ACLUM attorney that he would look into the issue.  The City lacks knowledge of information sufficient to form a belief about the truth of Ms. Soto's contact with the ACLUM.  Inasmuch as any further response is required, any and all other allegations contained in Paragraph 17 of the First Amended Complaint are denied.

18.     The City admits that it sent the ACLUM an opinion issued by the Cambridge City Solicitor in 1994 (the "Opinion").  The City denies the remainder of the allegations contained in

Paragraph 18 of the First Amended Complaint as they are a characterization of the Opinion and the Opinion speaks for itself.

19.     The City denies the allegations contained in Paragraph 19 of the First Amended Complaint to the extent that they are characterizations of the Opinion and of Cambridge City Ordinance Section 9.04.050 (the "Ordinance"); and states that the Opinion and the Ordinance speak for themselves, and the allegations state conclusions of law to which no response is required.

20.     The City denies the allegations contained in Paragraph 20 of the First Amended Complaint to the extent that they are characterizations of the Ordinance and states that the Ordinance speaks for itself, and the allegations state conclusions of law to which no response is required.

21.     The City denies the allegations contained in Paragraph 21 of the First Amended Complaint to the extent that they are characterizations of the Opinion and of M.G.L. c. 266, §126 (the "Statute") and that the Opinion and the Statute speak for themselves, and the allegations state conclusions of law to which no response is required.

22.     The City denies the allegations contained in Paragraph 22 of the First Amended Complaint to the extent that they are characterizations of the Statute and states that the Statute speaks for itself, and that the allegations state conclusions of law to which no response is required.

23.     The City denies the allegations contained in Paragraph 23 of the First Amended Complaint to the extent that they are characterizations of the Opinion and states that the Opinion speaks for itself, and the allegations state conclusions of law to which no response is required.

24.     The City denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25.     The City admits that the ACLUM sent the City several court decisions but the City denies

the characterization of those court decisions as they speak for themselves.  The City admits that

it informed the ACLUM in May 2012 that it would continue to enforce the presumptively valid

Ordinance and the presumptively valid Statute.  The City denies the allegations in the final

sentence of Paragraph 25 of the First Amended Complaint because it states a legal conclusion

that requires no response.  The City further denies that any City police officer "threatened" the

Plaintiff.

26.     The City admits that the City received correspondence from Plaintiff's counsel along

with a draft Complaint ("Plaintiff's Letter").  The City denies the remainder of the allegations

contained in Paragraph 26 of the First Amended Complaint as they are characterizations of the

Plaintiff's Letter and court cases and the Plaintiff's Letter and the court cases speak for

themselves and the allegations state conclusions of law to which no response is required.

27.     The City admits that the City Solicitor sent a letter to the Plaintiff's counsel on March 13,

2013 ("Solicitor Letter") but the City denies the remainder of the allegations contained in

Paragraph 27 of the First Amended Complaint as they are characterizations of the Solicitor Letter

and the Solicitor Letter speaks for itself.

28.     As to the first sentence of Paragraph 28 of the First Amended Complaint, the City admits

that there was a May 5, 2014 City Council meeting which was open to the public and that City

Council members discussed the Ordinance and what activity the Ordinance prohibited as well as

whether there were First Amendment issues associated with the Ordinance or enforcement

thereof. The City denies the remainder of the allegations contained in the first Paragraph 28 of

the First Amended Complaint as they are characterizations of the statements of many people in

summary form which statements are part of the record and speak for themselves. The City admits

the allegations contained in the second sentence of Paragraph 28 of the First Amended Complaint.

29.     The City denies that it is enforcing a policy against leafleting. The City admits that the City Solicitor stated that because the Ordinance is presumptively valid it would continue to be enforced. The City denies the remainder of Paragraph 29 of the First Amended Complaint.

30.     The City denies the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     The City denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     The City denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     The City lacks knowledge of information sufficient to form a belief about the truth of the allegation contained in Paragraph 33 of the First Amended Complaint and the allegations state conclusions of law to which no response is required.

## COUNT 1

34.     The City repeats, re-states and incorporates by reference its responses to the First Amended Complaint in the foregoing paragraphs as fully set forth herein.

35.     The City denies the allegations in Paragraph 35 of the First Amended Complaint.

36.     The City denies the allegations of Paragraph 36 of the First Amended Complaint.

37.     The City denies the allegations of Paragraph 37 of the First Amended Complaint.

38.     The City denies the allegations of Paragraph 38 of the First Amended Complaint.

39.     The City admits that Ordinance is presumptively valid and that enforcement of the Ordinance does not violate the First Amendment. The City denies the remainder of Paragraph 39 of the First Amended Complaint.

40.     Paragraph 40 of the First Amended Complaint states conclusions of law to which no response is required.

41.     The City denies the allegations of Paragraph 41 of the First Amended Complaint.

42.     The City denies the allegations of Paragraph 42 of the First Amended Complaint.

## COUNT 2

43.     The City repeats, re-states and incorporates by reference its responses to the First Amended Complaint in the foregoing paragraphs as fully set forth herein.

44.     The City denies the allegations of Paragraph 44 of the First Amended Complaint.

45.     The City admits that Ordinance is presumptively valid and that enforcement of the Ordinance does not violate the Article XVI of the Massachusetts Constitution. The City denies the remainder of Paragraph 45 of the First Amended Complaint.

46.     Paragraph 46 of the First Amended Complaint states conclusions of law to which no response is required.

47.     The City denies the allegations of Paragraph 47 of the First Amended Complaint.

## COUNT 3

48.     The City repeats, re-states and incorporates by reference its responses to the First Amended Complaint in the foregoing paragraphs as fully set forth herein.

49.     The City denies the allegations of Paragraph 49 of the First Amended Complaint.

50.     The City admits that Ordinance is presumptively valid and that enforcement of the Ordinance does not violate 42 U.S.C. § 1983 or the First Amendment. The City denies the remainder of Paragraph 50 of the First Amended Complaint.

51.     The City denies the allegations of Paragraph 51 of the First Amended Complaint.

52.     The City denies the allegations of Paragraph 52 of the First Amended Complaint.

53.     The City admits that Ordinance is presumptively valid and that enforcement of the Ordinance does not violate 42 U.S.C. § 1983 or the First Amendment. The City denies the remainder of Paragraph 53 of the First Amended Complaint.

54.     Paragraph 54 of the First Amended Complaint states conclusions of law to which no response is required.

55.     The City denies the allegations of Paragraph 55 of the First Amended Complaint.

56.     The City denies the allegations of Paragraph 56 of the First Amended Complaint.

## COUNT 4

57.     The City repeats, re-states and incorporates by reference its responses to the First Amended Complaint in the foregoing paragraphs as fully set forth herein.

58.     The City denies the allegations of Paragraph 58 of the First Amended Complaint.

59.     The City admits that Statute is presumptively valid and that enforcement of the Statute does not violate Article XVI of the Massachusetts Constitution. The City denies the remainder of Paragraph 59 of the First Amended Complaint.

60.     Paragraph 60 of the First Amended Complaint states conclusions of law to which no response is required.

61.     The City denies the allegations of Paragraph 61 of the First Amended Complaint.

## CLAIM FOR RELIEF

The remainder of the First Amended Complaint is a Claim for Relief to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

The Ordinance is presumptively valid as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

The Statute is presumptively valid as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

The Ordinance as applied and on its face is constitutional and does not violate the Plaintiff's First Amendment Rights under the Federal Constitution.

### FOURTH AFFIRMATIVE DEFENSE

The Ordinance as applied and on its face is constitutional and does not violate the Plaintiff's rights under the Massachusetts Declaration of Rights.

### FIFTH AFFIRMATIVE DEFENSE

The City's enforcement of the presumptively valid Ordinance is lawful.

### SIXTH AFFIRMATIVE DEFENSE

The Statute as applied is constitutional and does not violate the Plaintiff's First Amendment Rights under the Federal Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

The City's enforcement of the presumptively valid Statute is lawful.

### EIGHTH AFFIRMATIVE DEFENSE

The Statute as applied is constitutional and does not violate the Plaintiff's rights under the Massachusetts Declaration of Rights.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's advertisements constitute commercial speech.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's admitted actions of placing advertisements on parked motor vehicles without the owner's consent is "posting" or "attaching" an "advertisement or notice" on "private property" without the consent of the owner and therefore is done in violation of the Ordinance.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's admitted actions of placing advertisements on parked motor vehicles without the owner's consent is "affixing" or "putting upon" an "advertisement or notice which is not required by law to be posted" on "the property of another" without first obtaining the consent of the property owner and is therefore done in violation of the Statute.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff challenges the constitutionality of the Statute and therefore the Commonwealth is a necessary party to this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Commonwealth should bear the burden of defending the Statute and it is legally responsible for any liability for damages or attorneys fees and costs that might be awarded to the Plaintiff if the Statute is found to be constitutionally defective.

Defendant,
CITY OF CAMBRIDGE
By its Attorney,


/s/ Samuel A. Aylesworth_____
Samuel A. Aylesworth (BBO #645057)
Asst. City Solicitor
Law Department – City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
saylesworth@cambridgema.gov


DATED:        September 17, 2014


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be mailed to those indicated on the NEF as non-registered participants on or before September 17, 2014.


/s/ Samuel A.Aylesworth_____