UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAULA F. SOTO,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF CAMBRIDGE,<br><br>                    Defendant. | Civil Action No. 1:13-cv-10822-JGD<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF PAULA F. SOTO'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Paula F. Soto ("Soto") respectfully moves this Court for Summary Judgment with respect to the Defendant City of Cambridge's (the "City") interference with Soto's First Amendment activity.

As set forth in the Memorandum of Law, the Statement of Undisputed Material Facts pursuant to Local Rule 56.1, and the Declaration of Kevin S. Prussia filed in support, Soto's Motion should be granted because the City's stated policy of prohibiting the distribution of noncommercial leaflets on parked vehicles on public streets is a violation of Ms. Soto's First Amendment and Article XVI rights.  Specifically, the City's interpretation and enforcement of the Defacement Ordinance against Ms. Soto's leafleting activity violates her rights under the First Amendment, 42 U.S.C. § 1983, and Article XVI of the Massachusetts Declaration of Rights.  *See* Am. Compl. at Counts 1 and 2.  Similarly, the City's interpretation and enforcement of the Defacement Statute against Ms. Soto's leafleting activity violates her rights under the First Amendment, 42 U.S.C. § 1983, and Article XVI of the Massachusetts Declaration of Rights.  *See* Am. Compl. at Counts 3 and 4.  Ms. Soto seeks summary judgment on all four counts.

Although the City relies upon a local ordinance and state statute as support for its asserted policy prohibiting Ms. Soto's leafleting activity, neither texts of the enactments support the City's unconstitutional policy.  As a consequence, the Court does not need to strike down either law because no such law applies to Ms. Soto's conduct.  Rather, the City's unconstitutional interpretation of these enactments and its enforcement policy of prohibiting Ms. Soto's leafleting activity must be struck down.  For these reasons, and those set forth more fully in Soto's Memorandum of Law and supporting materials, Soto is entitled to summary judgment as a matter of law and such other relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Soto believes that oral argument may assist the Court in deciding the issues presented by this Motion. Accordingly, Soto respectfully requests a hearing pursuant to Local Rule 7.1(d).

Dated: March 16, 2015            Respectfully submitted,

                                       */s/ Julia M. Ong*
Kevin S. Prussia (BBO #666813)
Thaila K. Sundaresan (BBO #683616)
Julia M. Ong (BBO #685014)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Of Counsel:
Matthew R. Segal (BBO #654489)
AMERICAN CIVIL LIBERTIES UNION
OF MASSACHUSETTS
211 Congress Street, 3rd Floor
Boston, MA 02110
Telephone: (617) 482-3170
Facsimile: (617) 451-0009
msegal@aclu.org

*Attorneys for Plaintiff Paula F. Soto*

**CERTIFICATE OF SERVICE**

    I, Julia M. Ong, hereby certify that a true and correct copy of the above document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 16th day of March 2015.

                                                                                       */s/ Julia M. Ong*
                                                                                       Julia M. Ong