**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| PAULA F. SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-10822 |
| | ) | |
| CITY OF CAMBRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF PAULA F. SOTO'S OPPOSITION TO DEFENDANT CITY OF CAMBRIDGE'S MOTION TO STAY

For over two years, the City of Cambridge has insisted that its City ordinance and a state statute justify its policy of prohibiting the Plaintiff, Paula F. Soto, from placing flyers about free monthly film screenings related to political and social issues on the windshields of vehicles parked on public streets. The City has rejected Plaintiff's claims that the City's policy prohibiting such leafleting violates the First Amendment[1] and lacks any basis in the law, including the City of Cambridge Ordinance—which contains no provision expressly prohibiting such activity. On numerous occasions, Plaintiff requested that the City drop its unconstitutional enforcement policy or at least suspend enforcement while staying this action to allow the City Council to take whatever action it deemed necessary to make clear that the City Ordinance does not prohibit such constitutionally-protected activity. The City refused—instead insisting on

---

[1] *See, e.g.*, *Klein v. City of San Clemente*, 584 F.3d 1196 (9th Cir. 2009); *Horina v. City of Granite City*, 538 F.3d 624 (7th Cir. 2008); *Krantz v. City of Fort Smith*, 160 F.3d 1214 (8th Cir. 1999); *Traditionalist Am. Knights of the KKK v. City of Cape Girardeau*, Mo, 897 F. Supp. 2d 897 (E.D. Mo. 2012); *Ramsey v. City of Pittsburgh*, 764 F. Supp. 2d 728 (W.D. Pa. 2011); *Robinson v. Town of Kent*, 835 F. Supp. 2d 1 (S.D.N.Y. 2011).

maintaining its policy and litigating this case. *See, e.g.*, Dkt. 29. Now, literally on the eve of filing summary judgment motions, and after Plaintiff has devoted substantial effort and expense toward discovery and summary judgment, the City seeks to stay this case based on proposed amendments to the Ordinance that, on their face, do not in fact render this action "moot." The City does not contend otherwise. *See* Dkt. 47 at 2 (City stating that it is only "possible" that the proposed amendments will render the action moot). Indeed, when asked to explain why the City thinks the proposed amendments will resolve this case, the City failed to provide any response. *See* Exhibit A.

In deciding whether to stay the proceeding, the Court must "balance[] the interests of the parties and the Court." *Bank of Am., N.A. v. WRT Realty, L.P.*, 769 F.Supp.2d 36, 39 (D. Mass 2011). Some factors that courts consider when determining whether to grant a stay include: (1) prejudice to the non-moving party; (2) status of the case; and (3) likelihood of conserving judicial and party time, resources and energy. *See id.*; *New Balance Athletic Shoe Inc. v. Converse Inc.*, 2015 WL 685070 at *1-2, No. 14-14715 (D. Mass. Feb. 18, 2015); *see also Zavatsky v. O'Brien*, 902 F.Supp.2d 135, 147 (D. Mass. 2012). Here, on balance, the factors—which the City does not even bother to address—weigh against granting a stay because (1) the City refused to defer enforcement and a stay of litigation would prejudice Plaintiff's interest in proceeding expeditiously to protect her First Amendment rights, (2) it would not conserve the Court's or parties' time and resources because the City's proposed amendments would not resolve this matter, and (3) Plaintiff has already expended substantial time and incurred costs toward discovery and summary judgment briefing.

For these reasons and those stated below, the Court should deny the City's motion and enforce the Scheduling Order, requiring the City to respond to Plaintiff's motion for summary judgment by April 15, 2015.

**I.      The City's Proposed Amendments Will Not Render This Action Moot**

On March 16, 2015, the last business day before the deadline to file summary judgment, the City filed a perfunctory six paragraph motion seeking to stay this case based on two proposed amendments to the City Ordinance.  First, the City proposes the following amendments to Section 9.04.050:

9.04.050 – Defacing public property.

> A. No person shall post or attach, or directly or indirectly cause to be posted or attached in any manner, any handbill, poster, advertisement or notice of any kind on public property <u>including without limitations motor vehicles</u> except by permission of the City Manager or his designee~~, or on private property without the consent of the owner or occupant thereof~~.

Dkt. 47, Ex. A at p. 8.  Second, the City proposes to add a new Section, 9.04.051, titled "Attaching Commercial Notices to Private Property Not Allowed," with the following proposed language:

9.04.051 – Attaching Commercial Notices to Private Property Not Allowed:

A.      <u>No person shall post or attach, or directly cause to be posted or attached in any manner, any commercial handbill poster, advertisement or notice of any kind on any private property including without limitations motor vehicles without the consent of the owner or occupant thereof.</u>

B.      <u>Any person who violates this section shall be subject to a fine of three hundred dollars. Each illegally posted notice, advertisement, poster or sign shall be considered a separate violation of this section, and a separate offense shall be deemed committed on each day during or on which a violation of this section occurs or continues.</u>

C.      <u>As an alternative to the penalty set forth in subsection B, whoever violates any provision of this section shall be penalized by a noncriminal disposition as provided for in G.L. c. 40, §21D.  For purposes of this section, the following officials shall be enforcing persons:</u>

> Cambridge Police Officers and designated staff of the Cambridge Department of Public Works and the Inspectional Services Department.
>
> The noncriminal penalty for the first violation of this section shall be twenty-five dollars; for the second violation, one hundred dollars; and for the third and all subsequent violations, two hundred dollars.

Dkt. 47, Ex. A at pp. 8-9.

While the City represents that "it is possible" that these proposed amendments might render the action moot, the City never explains how or why that might be. Indeed, when asked to provide the basis for its representations, the City refused. *See* Exhibit A. In fact, the proposed amendments, even if adopted, would not moot Plaintiff's claims that the City's enforcement of its stated policy and interpretation of its City ordinance and a state law is a violation of her First Amendment rights, and her claim that the laws the City relies on do not support the City's unconstitutional policy.

*First*, the addition of "motor vehicles" to Section 9.04.050 and new Section 9.04.051 does not resolve Plaintiff's argument that placing a flyer on a windshield is not "posting" or "attaching" a flyer within the meaning of the Ordinance. *See* Dkt. 50, Pl. Memorandum of Law In Support Motion for Summary Judgment at 9-10; *see also* Am. Compl. ¶ 35. Throughout this litigation, the City has justified its ban on Plaintiff's leafleting activity by claiming, among other things, that it is prohibited by the existing Ordinance, Section 9.04.050, which is titled "Defacing public property." Specifically, the City claims that Plaintiff's activity of placing leaflets on parked vehicles is covered under the Ordinance because it constitutes "posting" or "attaching" as those words are used in the Ordinance. *See e.g.*, City's Response to Interrogatory No. 12 (Exhibit B); *see also* Response to Request for Admission No. 6 (Exhibit C). But ***nothing*** in the proposed amendments is directed towards the meaning of the words "posting" or "attaching."

Thus, these proposed amendments to Section 9.04.050 and the new Section 9.04.051 would allow the City to continue to contend that the act of placing a loose piece of paper on the windshield of a car constitutes "posting" or "attaching." It would not moot Plaintiff's claims that "posting" and "affixing" do not encompass Plaintiff's activities. *See* Dkt. 50, Pl. Memorandum of Law In Support Motion for Summary Judgment at 9-10 ("the plain meaning of the terms 'attach' and post' requires the physical act of ***fixing or binding*** an object [which does not cover Plaintiff's act of placing flyers on the windshields of vehicles parked on public streets].").

***Second***, the proposed new section that limits the prohibition of leafleting only to commercial flyers on private property would not moot this action, including Plaintiff's claim that the City's enforcement of its policy against her violates her First Amendments rights. While Plaintiff has always contended that her activity is not commercial, Am. Compl. ¶¶ 38, 52, the City has taken the opposite view. *See* Response to Request for Admission No. 9 (denying that Plaintiff's activity does not constitute commercial speech) (Exhibit C); *see also* Dkt. 41 at 9 (Ninth Affirmative Defense that "Plaintiff's advertisements constitute commercial speech.").

***Third***, nothing in the proposed amendments does anything to alter the City's contention that its policy against Plaintiff's leafleting activity is also justified based on Mass Gen. Laws. Ch. 266, § 126. Dkt. 41 at 9 (Eleventh Affirmative Defense that "Plaintiff's admitted actions of placing advertisements on parked motor vehicles without the owner's consent is "affixing" or "putting upon" . . . done in violation of the Statute."). Of course, none of the proposed amendments by the City Council purport to change anything in Mass Gen. Laws. Ch. 266, § 126.

In short, none of the proposed amendments resolves the legality of the City's policy and its application to Plaintiff's leafleting activity, and they do not, as the City contends, "moot" this

action. Thus, granting a stay is not "likely to conserve judicial and party time, resources and energy." *Bank of Am. NA*, 769 F.Supp.2d at 39 (citation omitted).

## II. The City's Motion is Untimely and Unreasonably Delays Resolution of Important First Amendment Issues

The City's motion to stay is simply an effort to prevent a timely resolution of this case, which has gone on for several years with the City having had ample opportunities to resolve it through the City Council or other action. An eleventh hour effort to stop the Court's consideration of the issues, after all this time—and where the City refuses to hold off enforcing its policy—harms the exercise of Plaintiff's First Amendment rights and should not cause further delay.

*First*, to avoid even filing suit, Plaintiff sought a written statement from the City that it had abandoned its policy of forbidding the placement of flyers on cars. *See* Letter from Richard Johnston to Nancy Glowa, dated February 21, 2013 (Exhibit D). The City refused, stating that the "ordinance is presumptively valid and as such the City is *required* to enforce it." (*See* Am. Compl., Exhibit 5, Letter from Nancy Glowa to Richard Johnston, dated March 13, 2013 (emphasis added)).

*Second*, shortly after filing suit, Plaintiff proposed to stay the litigation to allow the City Council time to consider the question of whether the Ordinance at issue should be amended, provided that the City agree to suspend enforcement activity against Plaintiff. The City refused.

With the City having repeatedly refused to defer enforcement and agree to stay litigation, the City's request now for a stay—on the eve of dispositive motions—and only after Plaintiff has invested significant time and effort to litigate the case—should be rejected. Plaintiff has already

waited nearly two years to vindicate her rights and it would be prejudicial to her to stay the case now.

## III. Conclusion

For the foregoing reasons, the Court should deny the City's Motion to Stay and order the City to file a response to Ms. Soto's motion for summary judgment per the Court's Scheduling Order.

Dated:  March 27, 2015 　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Julia M. Ong
　　　　　　　　　　　　　　　　　　　　　　Kevin S. Prussia (BBO# 666813)
　　　　　　　　　　　　　　　　　　　　　　Thaila K. Sundaresan (BBO# 683616)
　　　　　　　　　　　　　　　　　　　　　　Julia M. Ong (BBO# 685014)
　　　　　　　　　　　　　　　　　　　　　　WILMER CUTLER PICKERING
　　　　　　　　　　　　　　　　　　　　　　 HALE AND DORR, LLP
　　　　　　　　　　　　　　　　　　　　　　60 State Street
　　　　　　　　　　　　　　　　　　　　　　Boston, MA  02109
　　　　　　　　　　　　　　　　　　　　　　Telephone:  617-526-6000
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  617-526-5000
　　　　　　　　　　　　　　　　　　　　　　kevin.prussia@wilmerhale.com
　　　　　　　　　　　　　　　　　　　　　　thaila.sundaresan@wilmerhale.com
　　　　　　　　　　　　　　　　　　　　　　julia.ong@wilmerhale.com

　　　　　　　　　　　　　　　　　　　　　　Of Counsel:

　　　　　　　　　　　　　　　　　　　　　　Matthew R. Segal (BBO# 654489)
　　　　　　　　　　　　　　　　　　　　　　AMERICAN CIVIL LIBERTIES UNION
　　　　　　　　　　　　　　　　　　　　　　 OF MASSACHUSETTS
　　　　　　　　　　　　　　　　　　　　　　211 Congress Street, 3rd Floor
　　　　　　　　　　　　　　　　　　　　　　Boston, MA  02110
　　　　　　　　　　　　　　　　　　　　　　Telephone:  617-482-3170
　　　　　　　　　　　　　　　　　　　　　　Facsimile:  617-451-0009
　　　　　　　　　　　　　　　　　　　　　　msegal@aclum.org

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Paula F. Soto*

## Certificate of Service

    I, Julia M. Ong, hereby certify that PLAINTIFF PAULA F. SOTO'S OPPOSITION TO DEFENDANT CITY OF CAMBRIDGE'S MOTION TO STAY filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on March 27, 2015.

                                            */s/ Julia M. Ong*
                                            Julia M. Ong