# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

PAULA F. SOTO,

Plaintiff,

v.  C.A. No. 1:13-cv-10822-JGD

CITY OF CAMBRIDGE,

Defendant.

---

## DEFENDANT CITY OF CAMBRIDGE'S ANSWERS
## TO PLAINTIFF PAULA F. SOTO'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**

Describe in detail the circumstances involved in, and the specific reasons for, the City's adoption and passage of the Ordinance, including but not limited to:

   a) events or circumstances prior to the enactment of the Ordinance that influenced the City's decision to adopt the legislation;
   b) the names of each person, and their specific actions, who requested, voted for, participated in, or suggested the promulgation of the Ordinance;
   c) the date(s) upon which the described events or circumstances occurred; and,
   d) a description of any oral and/or written content related to the described events or circumstances.

   **ANSWER NO. 1:**

   **Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it fails to specify a relevant time period; 4) it seeks information outside the scope of any relevant time frame.

   Subject to and without waiving this objection, pursuant to Fed. R. Civ. Pro. 33(d), the Plaintiff is directed to the documents produced in Defendant City of Cambridge's Response to Plaintiff Paula F. Soto's First Request for Production of Documents Request No. 1.

**INTERROGATORY NO. 2**

Identify each City employee who was involved in drafting the Ordinance, including, but not limited to:

1

    a)      the name of each City employee;
    b)      the title of the City employee at the time of his or her involvement in drafting the Ordinance;
    c)      the date(s) upon which the City employee was involved with drafting the Ordinance; and,
    d)      the nature of the City employee's involvement, including, but not limited to drafting the language of the Ordinance, providing input, guidance and/or comments to all draft language of the Ordinance, and voting on the Ordinance's passage by the City Council.

**ANSWER NO. 2:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it fails to specify a relevant time period; 4) it seeks information outside the scope of any relevant time frame.

Subject to and without waiving this objection, the Ordinance was drafted by various City staff members under the direction of former City Manager Robert W. Healy for the consideration of the City Council.

**INTERROGATORY NO. 3**

Identify each City employee who was involved in promulgating the Ordinance, including, but not limited to:
    a)      the name of each City employee;
    b)      the title of the City employee at the time of his or her involvement in promulgating the Ordinance;
    c)      the date(s) upon which the City employee was involved with promulgating the Ordinance; and,
    d)      the nature of the City employee's involvement in promulgating the Ordinance, including, but not limited to publicizing the passage of the Ordinance, and providing input or guidance on interpretation and enforcement of the Ordinance.

**ANSWER NO. 3:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; and 2) the request is overly broad, vague and unduly burdensome.

Subject to and without waiving this objection, the City of Cambridge City Council.

**INTERROGATORY NO. 4**

Identify each instance in which the City enforced or threatened to enforce the Ordinance, including, but not limited to:
    a)      the name of the City officer enforcing or threatening to enforce the Ordinance;
    b)      the name of the alleged offender;

    c)    the date upon which the alleged offense under the Ordinance was committed;
    d)    the nature of the alleged offense committed under the Ordinance; and,
    e)    the nature of the enforcement enacted.

**ANSWER NO. 4:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it fails to specify a relevant time period; 4) it seeks information outside the scope of any relevant time frame. The City objects to the Plaintiff's characterization of the enforcement of presumptively valid laws as threats. The City does not "threaten" to enforce laws.

Subject to and without waiving this objection, pursuant to Fed. R. Civ. Pro. 33(d), the Plaintiff is directed to the documents produced in Defendant City of Cambridge's Response to Plaintiff Paula F. Soto's First Request for Production of Documents Request No. 7.

**INTERROGATORY NO. 5**

Provide a description of the enforcement instructions or training given to the City's employees, including City police officers, regarding the Ordinance, including, but not limited to:

    a)    the name of the City employee conducting the training or responsible for providing the enforcement instructions;
    b)    the date upon which the enforcement instructions or training was given to the City's employees;
    c)    the name of the City police officers and employees present at the training, and/or who received the enforcement instructions; and,
    d)    a description of any oral and/or written content of the enforcement instructions or training presentation.

**ANSWER NO. 5:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it fails to specify a relevant time period; 4) it seeks information outside the scope of any relevant time frame.

Subject to and without waiving this objection, after City of Cambridge Police Department ("CPD") officers graduate from the academy they go through a two-week training academy at CPD. The CPD training covers a variety of topics including City ordinance training. The training takes place in a classroom setting at CPD. When a CPD officer is promoted to Sergeant or Lieutenant, there is an approximately one-week in-service class prior to the officer starting their new assignment. Again, the classes are held in a classroom setting with designated instructors.

The most recent new officer training took place on October 29, 2008 and was attended by Steven Burke, Sean Figueroa, Michael Hinds, Evelyn Kanto-Lugo, Frank Lange, Katie Levesque,

3

Charles McNeeley, Steven Murphy, Brendan Pasco and Peter Photopoulos. The most recent promotional in-service training took place on July 15, 2009 and was attended by Chris Bertolino and Edward Frammartino.

In further answering, the City of Cambridge Department of Public Works has an employee, Vincent Best who was hired in 2006. He received instruction on enforcement regarding the Ordinance during the first several weeks of his employment in 2006 from William Dwyer, the City of Cambridge Superintendent of Streets.

Additionally, subject to and without waiving this objection, pursuant to Fed. R. Civ. Pro. 33(d), the Plaintiff is directed to the documents produced in Defendant City of Cambridge's Response to Plaintiff Paula F. Soto's First Request for Production of Documents Request No. 4.

**INTERROGATORY NO. 6**

Identify all instances in which any person, in any manner, complained, both informally and formally, of Soto's leafleting activities.

**ANSWER NO. 6:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it fails to specify a relevant time period; 4) it seeks information outside the scope of any relevant time frame.

Subject to and without waiving this objection, pursuant to Fed. R. Civ. Pro. 33(d), the Plaintiff is directed to the documents produced in Defendant City of Cambridge's Response to Plaintiff Paula F. Soto's First Request for Production of Documents Request No. 11.

**INTERROGATORY NO. 7**

Identify all instances in which any person, in any manner, complained, both informally and formally, of the Ordinance.

**ANSWER NO. 7:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it fails to specify a relevant time period; 4) it seeks information outside the scope of any relevant time frame; and 5) the Plaintiff has equal access to information.

**INTERROGATORY NO. 8**

To the extent the City contends that the Ordinance is presumptively valid as a matter of law, please state the basis for that contention and identify all documents concerning that contention or the basis for that contention.

**ANSWER NO. 8:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it seeks the disclosure of information protected by the attorney-client privilege and the work product doctrine; and 4) calls for a legal conclusion and therefore no response is required.

Subject to and without waiving this objection, discovery in this case is ongoing and the City reserves its right to supplement this answer. In further answering, ordinances as a matter of law are presumed to be valid until and unless determined otherwise by a court of competent jurisdiction.

**INTERROGATORY NO. 9**

To the extent the City contends that the Ordinance as applied and on its face is constitutional, please state the basis for that contention and identify all documents concerning that contention or the basis for that contention.

**ANSWER NO. 9:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it seeks the disclosure of information protected by the attorney-client privilege and the work product doctrine; and 4) calls for a legal conclusion and therefore no response is required.

Subject to and without waiving this objection, discovery in this case is ongoing and the City reserves its right to supplement this answer. In further answering, ordinances as a matter of law are presumed to be valid until and unless determined otherwise by a court of competent jurisdiction. It is the Plaintiff's burden to demonstrate that the Ordinance is unconstitutional "as applied."

**INTERROGATORY NO. 10**

To the extent the City contends that Soto's leaflets constitute commercial speech, please state the basis for that contention and identify all documents concerning that contention or the basis for that contention.

**ANSWER NO. 10:**

**Objection.** The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it seeks the disclosure of information protected by the attorney-client privilege and the work product doctrine; and 4) calls for a legal conclusion and therefore no response is required.

Subject to and without waiving this objection, discovery in this case is ongoing and the City

reserves its right to supplement this answer.

**INTERROGATORY NO. 11**

To the extent the City contends that Soto has failed to state a basis upon which relief can be granted, please state the basis for that contention and identify all documents concerning that contention or the basis for that contention.

**ANSWER NO. 11:**

**Objection**. The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it seeks the disclosure of information protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiving this objection, discovery in this case is ongoing and the City reserves its right to supplement this answer.

**INTERROGATORY NO. 12**

To the extent the City contends that Soto's actions of placing leaflets on parked motor vehicles constitutes "posting" or "attaching," please state the basis for that contention and identify all documents concerning that contention or the basis for that contention.

**ANSWER NO. 12:**

**Objection**. The City objects to this request for the following reasons: 1) it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence; 2) the request is overly broad, vague and unduly burdensome; 3) it seeks the disclosure of information protected by the attorney-client privilege and the work product doctrine.

Subject to and without waiving this objection, the common use and meaning of the word "post" or "attach" includes the Plaintiff's conduct in this lawsuit.

**INTERROGATORY NO. 13**

Identify all expert witnesses the City intends to call at trial. For each expert, provide the information set forth in Local Rule 26, including: (i) the subject matter on which the expert is expected to testify; (ii) the substance of the facts and opinions to which the expert is expected to testify; and (iii) a summary of the grounds for each opinion.

**ANSWER NO. 13:**

At the present time, counsel has not determined which, if any, witnesses will be called to testify on behalf of the Defendant at the time of trial. The Defendant reserves the right to seasonably supplement this response.

## JURAT

On behalf of the City of Cambridge, ("City"), I have read the foregoing answers to interrogatories. The information provided therein was prepared by or with the assistance of administrative personnel or attorneys of the City, or others believed to have relevant information and with the assistance and advice of counsel, upon which I have relied. The information set forth herein, subject to inadvertent or undiscovered errors or omissions is based on and therefore necessarily limited by the records and information still in existence, presently recollected, thus far discovered in the course of the preparation of these answers to interrogatories and currently available to the City. Consequently, the City reserves the right to make any changes or additions to any of the foregoing if it appears at any time that errors or omissions have been made therein.

Subject to the limitations set forth herein, the foregoing is true to the best of my knowledge, information and belief. I certify under the pains and penalties of perjury on behalf of the City that the foregoing is true and correct. Executed this 22nd day of August, 2014.

_____
Richard C. Rossi, City Manager
City of Cambridge

**AS TO OBJECTIONS,**

Defendant,
CITY OF CAMBRIDGE
By its Attorney,

/s/ Samuel A. Aylesworth
Samuel A. Aylesworth (BBO #645057)
Asst. City Solicitor
Law Department – City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
saylesworth@cambridgema.gov

## CERTIFICATE OF SERVICE

I, Samuel A. Aylesworth, hereby certify that on this 22nd day of August 2014, I served one true and correct copy of the foregoing by United States First-Class Mail, postage prepaid, to all counsel of record in this matter, where unable to do so electronically.

/s/ Samuel A. Aylesworth