EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

PAULA F. SOTO,

      Plaintiff,                        Civil Action No. 1:13-cv-10822-JGD

v.

CITY OF CAMBRIDGE,

      Defendant.

_____

**DEFENDANT CITY OF CAMBRIDGE'S RESPONSES TO PLAINTIFF PAULA F. SOTO'S**
**FIRST SET OF REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1**

Admit that the City has a policy of enforcing the Ordinance.

      **RESPONSE TO ADMISSION NO. 1:**

      Admitted.

**REQUEST FOR ADMISSION NO. 2**

Admit that the City has a policy of enforcing the Ordinance so as to forbid the placement of flyers on parked automobiles on public streets.

      **RESPONSE TO ADMISSION NO. 2:**

      Admitted.

**REQUEST FOR ADMISSION NO. 3**

Admit that to the extent that the City has a policy of forbidding the placement of flyers on parked automobiles on public streets, the policy restricts, at least to some degree, an individual's right to leaflet.

      **RESPONSE TO ADMISSION NO. 3:**

      **Objection**. The City objects to this request as vague as the term "restricts" is not defined.

1

Moreover, the City denies that there is a "right to leaflet" and therefore the City denies the remainder of Request No. 3.

**REQUEST FOR ADMISSION NO. 4**

Admit that to the extent that the City has a policy of forbidding the placement of flyers on parked automobiles on public streets, the policy is not based on Mass. Gen. Laws ch. 266, § 126.

    **RESPONSE TO ADMISSION NO. 4:**

    Denied.

**REQUEST FOR ADMISSION NO. 5**

Admit that to the extent that the City has a policy of forbidding the placement of flyers on parked automobiles on public streets, the policy is based on both the Ordinance and Mass. Gen. Laws ch. 266, § 126.

    **RESPONSE TO ADMISSION NO. 5:**

    Admitted.

**REQUEST FOR ADMISSION NO. 6**

Admit that the City Ordinance does not include the terms "automobiles," "leaflets," or "flyers."

    **RESPONSE TO ADMISSION NO. 6:**

    **Objection**. The City Ordinance speaks for itself.

**REQUEST FOR ADMISSION NO. 7**

Admit that the act of "posting" or "attaching" under the language of the Ordinance does not include the placement of leaflets on parked automobiles.

    **RESPONSE TO ADMISSION NO. 7:**

    Denied.

**REQUEST FOR ADMISSION NO. 8**

Admit that to the extent the City alleges that the Ordinance applies to the placement of leaflets on parked automobiles, the Ordinance applies only to commercial leafleting.

    **RESPONSE TO ADMISSION NO. 8:**

    Denied.

**REQUEST FOR ADMISSION NO. 9**

Admit that Soto's flyers concerning documentary film screenings, to the extent they are open to the public, do not charge admission, and held in the community room of Soto's apartment building, do not constitute commercial speech.

**RESPONSE TO ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION NO. 10**

Admit that the title of the Ordinance is "Defacing public property."

**RESPONSE TO ADMISSION NO. 10:**

**Objection**. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 11**

Admit that the placement of flyers on parked automobiles on public streets is not a permanent alteration to parked automobiles.

**RESPONSE TO ADMISSION NO. 11:**

Denied.

**REQUEST FOR ADMISSION NO. 12**

Admit that the placement of flyers on parked automobiles on public streets does not ruin the surface or mar the appearance of parked automobiles.

**RESPONSE TO ADMISSION NO. 12:**

Denied.

**REQUEST FOR ADMISSION NO. 13**

Admit that the placement of flyers on parked automobiles on public streets is not a permanent affixture to parked automobiles.

**RESPONSE TO ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14**

Admit that the Ordinance does not include the term "littering."

**RESPONSE TO ADMISSION NO. 14:**

**Objection**. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 15**

Admit that the City has passed ordinances that address littering and maintenance of the City's public places, such as City Ordinances, §§ 8.24.010 *et. seq.* ("Refuse and Litter") and 12.080.50 ("Advertising Signs and Displays").

**RESPONSE TO ADMISSION NO. 15:**

Admitted.

**REQUEST FOR ADMISSION NO. 16**

Admit that the City has received less than 10 citizen complaints from 10 separate individuals about leafleting automobiles parked on public streets in the past 3 years.

**RESPONSE TO ADMISSION NO. 16:**

Admitted that the City of Cambridge Police Department has received less than 10 written citizen complaints from 10 separate individuals about leafleting automobiles parked on public streets in the past 3 years.

**REQUEST FOR ADMISSION NO. 17**

Admit that no members of the public spoke in support of enforcing the Ordinance against Plaintiff's leafleting activities at the May 5, 2014 City Council meeting.

**RESPONSE TO ADMISSION NO. 17:**

**Objection**. This request seeks information that is not reasonably tailored to lead to the admission of admissible evidence. Notwithstanding and subject to this objection the City answers that the City cannot truthfully admit or deny as to the characterization of what members of the public said at the May 5, 2014 meeting.

**REQUEST FOR ADMISSION NO. 18**

Admit that no members of the public spoke in support of enforcing the Ordinance against Plaintiff's leafleting activities at the June 18, 2014 Ordinance Committee meeting.

**RESPONSE TO ADMISSION NO. 18:**

**Objection**. This request seeks information that is not reasonably tailored to lead to the admission of admissible evidence. Notwithstanding and subject to this objection the City answers that the City cannot truthfully admit or deny as to the characterization of what members of the public said at

4

the June 18, 2014 meeting.

**REQUEST FOR ADMISSION NO. 19**

Admit that the City Council's website states that the City Council is the policy setting arm of the City that provides input and analysis on major policy issues impacting the City.

**RESPONSE TO ADMISSION NO. 19:**

**Objection**. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 20**

Admit that to the extent the City Council's website states that the City Council is the policy setting arm of the City that provides input and analysis on major policy issues impacting the City, this is an accurate statement.

**RESPONSE TO ADMISSION NO. 20:**

**Objection**. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 21**

Admit that no member of the City Council spoke in support of enforcing the Ordinance against Plaintiff's leafleting activities at the May 5, 2014 City Council meeting.

**RESPONSE TO ADMISSION NO. 21:**

**Objection**. This request seeks information that is not reasonably tailored to lead to the admission of admissible evidence. Notwithstanding and subject to this objection the City answers that the City cannot truthfully admit or deny as to the characterization of what City Councilors said at the May 5, 2014 meeting.

**REQUEST FOR ADMISSION NO. 22**

Admit that no member of the City Council spoke in support of enforcing the Ordinance against Plaintiff's leafleting activities at the June 18, 2014 Ordinance Committee meeting.

**RESPONSE TO ADMISSION NO. 22:**

**Objection**. This request seeks information that is not reasonably tailored to lead to the admission of admissible evidence. Notwithstanding and subject to this objection the City answers that, the City cannot truthfully admit or deny as to the characterization of what City Councilors said at the June 18, 2014 meeting.

**REQUEST FOR ADMISSION NO. 23**

Admit that several members of the City Council stated at the June 18, 2014 Ordinance Committee

5

meeting that the Ordinance should be repealed, amended, or deemed not to apply to Plaintiff's leafleting activities.

### RESPONSE TO ADMISSION NO. 23:

**Objection**. The City objects to this request as vague. Notwithstanding and subject to this objection, the City admits that there was a discussion by members of the Ordinance Committee about the Ordinance at the June 18, 2014 Ordinance Committee meeting.

Defendant,
CITY OF CAMBRIDGE
By its Attorney,

/s/ Samuel A. Aylesworth_____
Samuel A. Aylesworth (BBO #645057)
Asst. City Solicitor
Law Department – City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
saylesworth@cambridgema.gov

CERTIFICATE OF SERVICE

I, Samuel A. Aylesworth, hereby certify that on this 1st day of August 2014, I served one true and correct copy of the foregoing by United States First-Class Mail, postage prepaid, to all counsel of record in this matter, where unable to do so electronically.

/s/ Samuel A. Aylesworth_____

6