UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULA F. SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.13-10822 |
| | ) | |
| CITY OF CAMBRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT CITY OF CAMBRIDGE'S REPLY TO PLAINTIFF PAULA F. SOTO'S OPPOSITION TO MOTION TO STAY

Defendant, City of Cambridge (the "City") submits the following reply brief in response to the Plaintiff Paula F. Soto's ("Plaintiff's") opposition to the City's motion to stay.

I. THE CITY'S REQUEST FOR A STAY IS BASED ON THE PLAINTIFF'S WRITTEN AND ORAL PUBLIC STATEMENTS REGARDING RESOLUTION OF THE LITIGATION.

The City filed the present motion to stay the lawsuit based on Plaintiff counsel's publicly-made written and oral representations regarding options to settle the case. During the pendency of this lawsuit, counsel for the Plaintiff appeared before the City Council's Ordinance Committee on June18, 2014 and presented options for resolving the present litigation to the Committee during public comment.  See Wilmer Hale Talking Points attached as Exhibit ("Exh.") "A."

As the written statement makes clear, Plaintiff's counsel asked the Committee to consider "three potential options for resolving this matter…." See Exh. "A." One of those options was that "the Ordinance could be amended to prohibit commercial speech only." Id. at p. 2. The proposed amendments to the Ordinance would prohibit attaching "any commercial" notices to private

property without the consent of the owner. The proposed amendments are in keeping with what Plaintiff has represented through counsel would be necessary to settle this lawsuit. Id.

II.     THE CITY'S REQUEST FOR A STAY IS NOT DILATORY.

It is not the case that the City's motion to stay is a delaying tactic or that it has done nothing to advance resolution of this matter prior to filing the motion to stay. The proposed amendments to the Ordinance have been the result of a public legislative process and although the proposed amendments are only now before the City's Ordinance Committee, the City to date has had a number of public meetings and executive sessions to discuss the issues presented by this lawsuit--a March 24, 2014 Executive Session of the City Council, a May 5, 2014 City Council hearing; June 18, 2014 Ordinance Committee hearing; and December 15, 2014 Executive Session of the City Council. These proposed amendments represent the result of this legislative process regarding whether to amend a long-standing, presumptively valid legislative act.

Two weeks prior to the summary judgment filing deadline, on March 2, 2015 the City Manager transmitted the proposed amendments to the City Council. See Exh. "A" to City's motion to stay.[1] The proposed amendments will be considered by the City's Council's Ordinance Committee and if the proposed amendments are recommended by the Committee, those amendments would then need to be referred to the City Council to review and to vote on adoption.

A week after referral of the proposed amendments to the Ordinance Committee, on March 9, 2015, counsel for the City telephoned Plaintiff's counsel to discuss the pendency of the proposed amendments and to discuss the City's proposal to seek a stay of the lawsuit pending the City Council's consideration of the proposed amendments. See Affidavit of Samuel A.

---

[1] The transmission and the proposed amendments are publicly advertised on the City's website.

Aylesworth ("Aylesworth Aff."). Plaintiff's counsel never returned the call. See Aylesworth Aff. On March 12, 2015, counsel for the City reached out to Plaintiff's counsel via email regarding the same; again, without response. Id. On March 13, 2015, the following day, City's counsel called again with no response. Id. It was not until the City forwarded a proposed assented-to motion to stay to Plaintiff's counsel that Plaintiff's counsel finally responded but only with the statement "[o]ur client does not assent to the City's proposed motion to stay." Id. Plaintiff's counsel failed to respond to a follow-up email asking for an explanation as to why the Plaintiff would not assent. Id. The present motion to stay was filed the same day.[2] Had Plaintiff's counsel responded in any substantive fashion to discuss staying the matter given the pendency of the proposed amendments, the Plaintiff would not have expended the alleged significant time and costs toward her summary judgment briefing.

Finally, Plaintiff's counsel asserts that her client has waited "nearly two years to vindicate her rights." However, it should be noted that Plaintiff has admitted that she has continued to place flyers on motor vehicles in Cambridge during the pendency of this suit.[3]

---

[2] Plaintiff's counsel states falsely that "the City refused" when asked to provide the basis for its representations about how the proposed amendments might render the action moot although the City had not answered the letter sent to the City's counsel on March 17, 2015.

[3] See Response No. 1 to Plaintiff Paula F. Soto's Responses and Objections to Defendant City of Cambridge's First Set of Requests for Admission attached as Exh. "B."

**REQUEST NO. 1**
Since the filing of the instant lawsuit, the Plaintiff has placed or attached flyers on automobiles in the City of Cambridge.

**RESPONSE NO. 1**
Soto denies this Request to the extent that the term "attached" suggests Soto used an adhesive to secure flyers to automobiles. Soto admits that since the filing of this lawsuit, on approximately a monthly basis, Soto has distributed flyers regarding free film screenings on automobiles parked on public streets in the City of Cambridge.

WHEREFORE, the City respectfully renews its request that this Honorable Court:

A. stay this action for two months to conserve the Court's and the parties' resources and to allow time for the City Council's Ordinance Committee and the City Council itself to consider the proposed Amendments to the Ordinance; and,

B. schedule a conference with the parties after the City Council has concluded its review of the proposed amendments, or in two months' time, whichever comes first.

*Respectfully submitted*,

s/ Samuel A. Aylesworth
Samuel A. Aylesworth (BBO #645057)
Asst. City Solicitor
Law Department – City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
saylesworth@cambridgema.gov

Dated: March 31, 2015

*Counsel for Defendant City of Cambridge*

## CERTIFICATE OF SERVICE

I, Samuel A. Aylesworth, hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 31st day of March 2015.

s/ Samuel A. Aylesworth