# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PAULA F. SOTO, | |
| Plaintiff, | Civil Action No. 1:13-cv-10822-JGD |
| v. | |
| CITY OF CAMBRIDGE, | |
| Defendant. | |

## PLAINTIFF PAULA F. SOTO'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF CAMBRIDGE'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rule of Civil Procedure 36 and Local Rule 36.1, Plaintiff Paula F. Soto ("Soto"), by undersigned counsel, hereby responds to Defendant City of Cambridge's (the "City") First Set of Requests for Admission ("Requests").

## GENERAL OBJECTIONS

Each of Soto's responses is subject to, and incorporates, the following General Objections. Soto specifically incorporates each of these General Objections into her responses to each of the City's Requests, whether or not each such General Objection is expressly referred to in Soto's response to a specific request.

1.      Soto objects to each Request to the extent that it is prematurely propounded. Soto reserves the right to rely on facts, documents, or other evidence that may develop or come to Soto's attention at a later time. Soto's responses are based on information presently known to Soto and are set forth without prejudice to Soto's right to assert additional objections and/or supplementary responses should Soto discover additional documents, information, or grounds for objections. Soto reserves the right to supplement or amend her responses to these Requests at any time prior to trial.

1

2. Soto objects to each Request as unduly burdensome to the extent that it seeks information that is plainly available on the face of a document.

3. Soto objects to each Request as unduly burdensome to the extent that it seeks information already in the City's possession, or that is a matter of public record, or otherwise equally available to the City.

4. Soto objects to each Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity.

5. Soto objects to each Request to the extent that it seeks information not in Soto's possession, custody, or control.

6. Soto objects to each Request to the extent it seeks to impose upon Soto duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

7. Soto objects to each Request to the extent that it seeks information that is not relevant to any claim or defense in this action, or reasonably likely to lead to the discovery of admissible evidence.

8. Soto objects to each Request to the extent that it is vague, ambiguous, or confusing.

9. Soto objects to each Request to the extent that the term "place" or "places" is undefined and vague and ambiguous. In providing responses, Soto understands that "place" is not synonymous with "post" or "attach."

10. Soto objects to each Request to the extent it suggests that other channels of communication are adequate alternatives to distributing information on parked automobiles. In providing responses, Soto understands that distributing flyers on parked automobiles

communicates information about her free film screenings that is not readily inferred by the public from the use of the internet, radio broadcasts, or email distribution lists.

11.    Soto objects to each Request to the extent that it is duplicative of the City's other discovery requests.

12.    Soto will make reasonable efforts to respond to the City's Requests as Soto understands and interprets each Request. If the City subsequently asserts any interpretation of any Request that differs from Soto's interpretation, then Soto reserves the right to supplement and amend her objections and responses.

13.    Soto's answers to the City's Requests do not constitute admissions or acknowledgments that the information sought is within the proper scope of discovery or admissible at trial.

14.    Soto objects to each request to the extent it seeks the production of information, documents and/or things of a confidential or proprietary nature to Soto, or to others to whom Soto is under an obligation of confidentiality.

15.    The objections and statements set forth in these General Objections apply to each of the Requests as if each were set forth in full in response to each Request. The assertion of the same, similar, or additional objections in Soto's specific objections to individual Requests or subparts, or the failure to assert any additional objections to any Request or subpart, does not waive any of Soto's objections set forth in the General Objections.

16.    Soto's responses to the City's Requests are made without waiver and with preservation of:

    (a)    all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this lawsuit (including trial) and in any other action or matter;

(b)     the right to object to the use of any such responses or the subject matter thereof, on any ground in any further proceeding in this lawsuit (including trial) and in any other action or matter;

(c)     the right to object on any ground at any time to a demand or request for further response; and

(d)     the right at any time to review, correct, add to, supplement or clarify any of the responses contained herein.

17.     In Soto's objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

18.     Soto objects to the language of any Request to the extent it presupposes the conclusion to any material issue of fact.

## SPECIFIC OBJECTIONS AND RESPONSES

In addition to the foregoing General Objections set forth above, which are expressly incorporated by reference in each response below, Soto further makes the following specific objections and responses.

### REQUEST NO. 1

Since the filing of the instant lawsuit, the Plaintiff has placed or attached flyers on automobiles in the City of Cambridge.

### RESPONSE NO. 1

Soto denies this Request to the extent that the term "attached" suggests Soto used an adhesive to secure flyers to automobiles.  Soto admits that since the filing of this lawsuit, on approximately a monthly basis, Soto has distributed flyers regarding free film screenings on automobiles parked on public streets in the City of Cambridge.

### REQUEST NO. 2

4

The flyers the Plaintiff places on automobiles convey information about the showing times of movies.

**RESPONSE NO. 2**

Soto objects to the phrase "showing times of movies." Soto admits that her flyers convey information about the time and location of free, politically and socially conscious film screenings that are open to the general public.

**REQUEST NO. 3**

The flyers the Plaintiff places on automobiles invite recipients to attend movie showings.

**RESPONSE NO. 3**

Soto objects to the phrase "movie showings." Soto admits that her flyers invite the general public to attend free, politically and socially conscious film screenings.

**REQUEST NO. 4**

Plaintiff places flyers on automobiles so that they are viewed by pedestrians passing the parked automobiles, not the drivers of the automobiles.

**RESPONSE NO. 4**

Soto admits that the free-film screening flyers are visible to pedestrians.

**REQUEST NO. 5**

Private property is not a public forum.

**RESPONSE NO. 5**

Soto objects to this Request on the ground that it seeks a legal conclusion. Denied.

**REQUEST NO. 6**

Plaintiff has never sought any owners' consent to place flyers on a person's automobile.

**RESPONSE NO. 6**

Denied.

**REQUEST NO. 7**

The information contained on the Plaintiff's notices when placed on automobiles is visible to pedestrians.

**RESPONSE NO. 7**

Admitted.

**REQUEST NO. 8**

A privately-owned automobile is not a traditional public forum for the expression of speech.

**RESPONSE NO. 8**

Soto objects to this Request to the extent that it seeks a legal conclusion.  Denied.

**REQUEST NO. 9**

Plaintiff does not see the owners' consent in the vast majority of cases in which she places a flyer on a person's automobile.

**RESPONSE NO. 9**

Soto objects on the ground that the term "see" is vague and ambiguous.  Soto further objects to the extent the phrase "vast majority of cases" is vague and ambiguous.  Soto is not able to admit or deny the request as phrased.

**REQUEST NO. 10**

Plaintiff has been asked by more than one person to stop placing flyers on their automobiles.

**RESPONSE NO. 10**

Admitted.

**REQUEST NO. 11**

Plaintiff placed a flyer on an automobile after being asked not to do so by the owner of said automobile.

**RESPONSE NO. 11**

Denied.  Soto has not knowingly distributed a flyer on an automobile after an owner asked her not to do so.

6

**REQUEST NO. 12**

Plaintiff places approximately 1,200 flyers on automobiles each month in the area of Cambridge depicted in the document attached here as Exhibit "A."

**RESPONSE NO. 12**

Soto answers that  the number of flyers she distributes varies from month to month, but she admits to having distributed approximately 1,200 flyers per month in some months.

**REQUEST NO. 13**

There is a community bulletin board at Edward Sennott Park which is in the area of Cambridge as depicted in Exhibit "A" where the Plaintiff caused flyers to be placed on automobiles.

**RESPONSE NO. 13**

Admitted that Soto distributed flyers on automobiles parked in the area of Cambridge depicted in Exhibit "A". Soto further admits that there is a community bulletin board in Edward Sennott Park.

**REQUEST NO. 14**

Plaintiff uses the internet to communicate the same information that is contained in her flyers.

**RESPONSE NO. 14**

Admitted that Soto has used the internet to announce the location, time, and date of monthly free film screenings.

**REQUEST NO. 15**

Plaintiff uses email notices to "activist lists" to communicate the same information that is contained in her flyers.

**RESPONSE NO. 15**

Soto objects on the ground that the phrase "activist lists" is vague and ambiguous. Admitted that Soto has announced via email the location, time, and date of monthly free film screenings to several email distribution lists.

7

**REQUEST NO. 16**

Plaintiff causes flyers to be posted in the windows of local businesses.

**RESPONSE NO. 16**

Admitted that Soto places flyers in the windows of local businesses when she has received permission from the owners to do so.

**REQUEST NO. 17**

Plaintiff causes flyers to be posted in parks.

**RESPONSE NO. 17**

Admitted that Soto has posted flyers regarding free screenings on community bulletin boards, on approximately a monthly basis, in City of Cambridge parks.

**REQUEST NO. 18**

Plaintiff causes the same or similar information that is contained in her flyers to be broadcast on radio.

**RESPONSE NO. 18**

Soto objects on the ground that the phrase "similar information" is vague and ambiguous. Admitted that Soto has announced via email the location, time, and date of monthly free film screenings to several email distribution lists, and a recipient of these emails broadcasted information about the free film screening on a radio program. Soto does not have knowledge of the specific content of these broadcasts.

**REQUEST NO. 19**

Plaintiff stated that placing flyers on automobiles "is like having lots and lots of billboards."

**RESPONSE NO. 19**

Soto objects to the extent this Request mischaracterizes her statement and suggests that her flyers are commercial in nature.  Admitted that document bearing Bates No.

Wilm0200001619 states, "[T]rust me, a lot of thought went into how we [leaflet] …. [W]e had done doors before . . . but [] in doing this you limit your audience to the residents of those properties[….] [H]aving cars is like having lots and lots of billboards[.]"

###### REQUEST NO. 20

Placing a flyer on an unattended, parked automobile in the public way does not provide the owner of the automobile with an opportunity to refuse or accept the flyer.

###### RESPONSE NO. 20

Denied.

Dated: 1/15/2015                          /s/ Julia M. Ong _____
                                          Richard A. Johnston (BBO #253420)
                                          Kevin S. Prussia (BBO #666813)
                                          Thaila K. Sundaresan (BBO #683616)
                                          Julia M. Ong (BBO #685014)
                                          WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
                                          60 State Street
                                          Boston, MA  02109
                                          Telephone: (617) 526-6000
                                          Facsimile: (617) 526-5000

                                          Of Counsel:
                                          Matthew R. Segal (BBO #654489)
                                          AMERICAN CIVIL LIBERTIES UNION
                                          OF MASSACHUSETTS
                                          211 Congress Street, 3rd Floor
                                          Boston, MA 02110
                                          Telephone: (617) 482-3170
                                          Facsimile: (617) 451-0009
                                          msegal@aclu.org

                                          *Attorneys for Plaintiff*
                                          *Paula F. Soto*

## CERTIFICATE OF SERVICE

I, Julia M. Ong, hereby certify that on January 15, 2015, I served Plaintiff Paula F. Soto's Objections and Responses to Defendant City of Cambridge's First Request for Admission by electronic mail on the following persons:

Samuel A. Aylesworth (saylesworth@cambridgema.gov)
Arthur J. Goldberg (agoldberg@cambridgema.gov)

Dated:  January 15, 2015                                     */s/ Julia M. Ong*_____
                                                                          Julia M. Ong