## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

PAULA F. SOTO,
      Plaintiff,


v.                                            C.A. No. 13-10822-JGD


CITY OF CAMBRIDGE,
      Defendant.
_____


**DEFENDANT CITY OF CAMBRIDGE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO JOIN THE COMMONWEALTH AS A REQUIRED PARTY DEFENDANT PURSUANT TO FED. R. CIV. P. RULE 19(a).**

Pursuant to Local Rule 7.1(b)(1), the Defendant City of Cambridge (the "City") respectfully submits this memorandum of law in support of its motion for joinder pursuant to Fed.R.Civ.P.19(a) to join the Commonwealth of Massachusetts (the "Commonwealth") as a required party to this action with respect to the lawsuit brought by the Plaintiff Paula F. Soto ("Soto") challenging the constitutionality of M.G.L. c. 266, § 126.

<u>BACKGROUND</u>

Soto filed the present action after she was allegedly stopped by a City police officer for placing fliers on privately-owned motor vehicles that were parked in the public way in Cambridge. Soto alleges in her lawsuit that the enforcement of M.G.L. c. 266, § 126 (the "Statute") and City of Cambridge Ordinance Chapter 9.04 (the "Ordinance") as applied to her conduct violated her rights under the First Amendment of the United States Constitution and pursuant to Article XVI of the Massachusetts Declaration of Rights. Amended Complaint.

M.G.L. c. 266, § 126 states—

Whoever paints, or puts upon, or in any manner affixes to, any fence, structure, pole, rock or other object which is public property or the property of another, whether within or without the limits of the highway, any words, device, trade mark, advertisement or notice which is not required by law to be posted thereon, without first obtaining the written consent of the municipal or public officer in charge thereof or the owner or tenant of such property, shall, upon complaint of such municipal or public officer, or of such owner or tenant, be punished by a fine of not less than ten nor more than one hundred dollars, and in addition shall forfeit to the use of the public or private owner of such property or the tenant thereof the cost of removing or obliterating such defacement to be recovered in an action of tort. Any word, device, trade mark, advertisement or notice which has been painted, put up or affixed within the limits of a highway in violation of this section shall be considered a public nuisance, and may be forthwith removed or obliterated and abated by any person.

The Ordinance that Soto has challenged was amended in May 2015 to now apply only to the posting of commercial fliers on private property. Declaration of Samuel A. Aylesworth ("Aylesworth Decl.") at Exhibit "A."[1] The Ordinance as amended reads:

9.04.051 - Attaching Commercial Notices to Private Property Not Allowed:

A.      No person shall post or attach, or directly cause to be posted or attached in any manner, any commercial handbill, poster, advertisement or notice of any kind on any private property including without limitations motor vehicles without the consent of the owner or occupant thereof.

B.      Any person who violates this section shall be subject to a fine of three hundred dollars. Each illegally posted notice, advertisement, poster or sign shall be considered a separate violation of this section, and a separate offense shall be deemed committed on each day during or on which a violation of this section occurs or continues.

C.      As an alternative to the penalty set forth in subsection B, whoever violates any provision of this section shall be penalized by a noncriminal disposition as provided for in G.L. c. 40, §21D. For purposes of this section, the following officials shall be enforcing persons: Cambridge Police Officers and designated staff of the Cambridge Department of Public Works and the Inspectional Services Department.

---

[1] The Ordinance continues to prohibit the placement of these items on public property under the original Chapter 9.04.050. Aylesworth Decl. Exhibit "A."

The noncriminal penalty for the first violation of this section shall be twenty-five dollars; for the second violation, one hundred dollars; and for the third and all subsequent violations, two hundred dollars.

Soto seeks declaratory judgments finding that "the City's policy of prohibiting the placement of non-commercial leaflets on parked automobiles is not supported by either the Defacement Ordinance and/or the Defacement Statute; and (ii) to the extent that the Defacement Ordinance and/or the Defacement Statute are deemed to prohibit the placement of non-commercial leaflets on parked automobiles, the Defacement Ordinance and/or Defacement Statute violate Soto's rights under 42 U.S.C. § 1983 and the First Amendment. Amended Complaint at ¶ 65. Soto also seeks declaratory judgment under Article XVI of the Massachusetts Declaration of Rights. Amended Complaint at ¶ 66.

In response to Soto's Fed.R.Civ.P. Rule 5.1 notification, the Attorney General's Office stated in September 29, 2014 that

Thank you for your notice to the Attorney General of your challenges to the City of Cambridge policy on placement of leaflets and of the constitutional question that might arise concerning G.L. c. 266, § 126. Although we have determined not to intervene in this case at this time, please notify me if and when the trial court reaches this constitutional question or if the constitutional question is raised on appeal.  Aylesworth Decl. Exhibit "D" (Attorney General's Sept. 29, 2014 Letter).

On May 5, 2015 counsel for the City addressed a letter to Soto's attorney requesting that Soto advise the Attorney General's Office that the Court had reached the constitutionality of G.L. c. 266, § 126 and notify the City that this action had been taken. The City received no reply to its request and upon information and belief the Attorney General's Office is unaware that the constitutionality of the Statute is now the focus of this lawsuit. Aylesworth Decl. Exhibit "E" (City's May 7, 2015 Letter to Soto's Attorneys).

After the completion of discovery in this matter, the City now agrees that Soto's fliers do not constitute commercial speech. Aylesworth Decl., Exhibit "B" (City's proposed Amended

Answer).[2] As a result of the procedural and factual posture of the present matter, the question of the scope and constitutionality of the Statute are now the primary focus of this lawsuit.

<u>ARGUMENT</u>

I.     THE COMMONWEALTH IS A REQUIRED PARTY TO THIS ACTION.

Soto seeks declaratory judgment that the Ordinance and the Statute, as they apply to Soto's conduct of placing fliers on motor vehicles, violate her free speech rights. Now that the City has amended the Ordinance to apply only to commercial speech, and agrees that Soto's fliers do not constitute commercial speech, only the Statute applies to her conduct as it does not make a distinction in its text between commercial or non-commercial speech. Thus Soto's lawsuit now deals exclusively with the Statute and therefore the Commonwealth should be made a party to this action in order that counsel for the Commonwealth can (and indeed should be required to) defend the constitutionality of the Statute.

Fed.R.Civ.P. Rule 19(a) provides the following definition of a "required" party:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

[2] Contemporaneous with the filing of the present Motion, the City has also filed a Motion to Amend its Answer.

The Commonwealth is a person who is subject to service of process. Mass.R.Civ.P. Rule 4(d)(4). Joining the Commonwealth in the present action will not deprive the court of subject-matter jurisdiction.

Pursuant to Rule 19(a)(1)(B), the interest claimed must be a "legally protected interest" relating to the subject matter of the action. United States v. San Juan Bay Marina, 239 F.3d 400, 406 (1st Cir. 2001). The "legally protected interest" at stake here is the validity of the act of the Legislature in enacting the Statute as expressed by the Attorney General's Office in its September 29, 2014 letter to Soto's attorney.

If the Court were to rule on the constitutionality of the Statute, it would "as a practical matter impair or impede" the Commonwealth's interest in enforcing a presumptively valid enactment. The Attorney General is responsible for defending the constitutionality of state statutes in which it has a declared interest. M.G.L. c. 3, § 12 ("The attorney general shall appear for the commonwealth and for state departments, officers and commission in all suits and other civil proceedings in which the commonwealth is a party or *interested*…."). See also Aylesworth Decl., Exhibit "C" (Massachusetts Attorney General Web page).  The City, currently the only Defendant in this case, does not have a direct interest in defending the constitutionality of the state law in that the City neither enacted nor amend or repeal such state law.

Now that the Ordinance has been amended and Soto's conduct no longer comes within the sweep of the Ordinance, the "constitutional question that might arise concerning G.L. c. 266, § 126" is now an issue that is squarely before the Court. Aylesworth Decl., Exhibit "A" (Ordinance).

<u>CONCLUSION</u>

The City's Motion should be granted because this controversy now primarily focuses on the constitutionality of M.G.L. c. 266, § 126. The Commonwealth is a "necessary party" to this action because it has a "legally protected interest" in the validity of this state statute. For the reasons set forth here and in the supporting materials, the City respectfully moves this honorable Court to grant the City's motion and order that the Commonwealth be joined as a required party in this matter.

Defendant,
CITY OF CAMBRIDGE
By its Attorney,


/s/ Samuel A. Aylesworth
Samuel A. Aylesworth (BBO #645057)
Asst. City Solicitor
Law Department – City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
saylesworth@cambridgema.gov


DATED:       May 29, 2015



**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be mailed to those indicated on the NEF as non-registered participants on or before May 29, 2015.


/s/ Samuel A. Aylesworth