## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAULA F. SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-10822 |
| | ) | |
| CITY OF CAMBRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF PAULA F. SOTO'S RESPONSE TO CITY OF CAMBRIDGE'S MOTION TO JOIN THE COMMONWEALTH AS A REQUIRED PARTY DEFENDANT PURSUANT TO FED. R. CIV. P. RULE 19(a)

The thrust of Ms. Soto's suit against the City of Cambridge involves a challenge to ***the City's interpretation*** of a City ordinance and a state statute that the City claims justify its policy of prohibiting the placement of flyers on the windshields of vehicles parked on public streets.  As noted in her summary judgment papers, Ms. Soto explained that her claims are not a facial attack on the constitutionality of the laws, and that the Court does not need to strike down either law because no such law applies to Ms. Soto's conduct.  *See* Plaintiff Paula F. Soto's Motion for Summary Judgment, Dkt. 50, at 5.  The only issue in this case is whether the City's enforcement policy against Ms. Soto's leafleting activity is constitutional.  The City rests its enforcement policy on its interpretation of the state Statute,  M.G.L. c. 266 § 126.

Although Ms. Soto's claim is limited to the constitutionality of the City's enforcement policy, in an abundance of caution, Ms. Soto notified the Massachusetts Attorney General's Office upon filing suit.  *See* Soto's Notice of Possible Constitutional Question, Dkt. 9, 34.  In response, the Attorney General's Office declined to intervene in the litigation.  *See* Letter from

Attorney General's Office, Dkt. 42-1.  Unless, and until, the Attorney General's Office decides that it shares the City's interpretation of the state Statute, the Commonwealth is not a required party to this litigation under Fed. R. Civ. P. 19(a).

Moreover, even if the facial constitutionality of a state statute were at issue—which it is not— Fed. R. Civ. P. 5.1 contains a specific mechanism by which a state government is permitted, but not required, to defend claims against the constitutionality of its laws.  Here, because the Commonwealth has expressly chosen to not intervene under Rule 5.1, Dkt. 42-1, the Court should not compel it to do so.

For these reasons and those stated below, the Court should deny the City's motion.

## I.      The Commonwealth Lacks "Interest" Within the Meaning of Rule 19(a) Because Plaintiff's Claims Do Not Challenge the State Statute

Fed. R. Civ. P. 19(a) identifies three circumstances under which a motion for mandatory joinder is proper, none of which are present here.  Failure to join the Commonwealth will *not* (1) prevent the accordance of complete relief to Ms. Soto or the City, (2) impair or impede the Commonwealth's ability to protect a claimed interest, or (3) expose the City of Cambridge to multiple or inconsistent judgments.  Fed. R. Civ. P. 19(a).  The City's sole argument for joinder rests entirely on the contention that a ruling in favor of Ms. Soto will impair or impede the Commonwealth's ability to protect a claimed interest.  Not so.  Ms. Soto does not argue that the state law at issue is unconstitutional on its face, but rather, that the *City's interpretation* of the law is incorrect and cannot withstand constitutional scrutiny.  Further, the City has not produced any evidence that any state agency or other state authority shares in the City's strained interpretation of the Statute.

- 2 -

A Rule 19 analysis is not a formalist exercise where any connection to the case creates a protected interest.  Rather, it is a "practical determination" based on a variety of factors. *Piccioto v. Continental Casualty Co.*, 512 F.3d 9, 16 (1st Cir. 2008).  These factors include prevention of repetitive litigation, the interest of present parties in complete relief from a single action, and the avoidance of prejudice to absent parties.  *Id.* at 15-16.  None of these are present here.

**First,** there is little risk of repeat litigation because the Commonwealth is not enforcing the City's interpretation or policy of enforcing the Statute.  **Second,** Ms. Soto's claims are directed solely to the ***City's*** interpretation and enforcement of a City policy against Ms. Soto's conduct, such that they are the only two necessary parties to resolve the issues in this litigation. **Third,** there is no risk of prejudice to the Commonwealth because its law is not being challenged nor does the Court need to rule on the constitutionality of the state Statute.  Rule 19(a) is aimed at situations in which "a lawsuit is proceeding without a party whose interests are central to the suit."  *Bacardi International Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1, 9 (1st Cir. 2013).  The Commonwealth's interest is not central here because the outcome of Ms. Soto's action against the City of Cambridge's policy will not affect the validity of the state Statute.

## II.    The Commonwealth's Interest is Properly Protected Under the Mechanism of Providing a Notice of Constitutional Question Under Rule 5.1.

If the Commonwealth disagreed with Ms. Soto's position and shared the City's view of the Statute, then the appropriate mechanism to provide notice and protect the Commonwealth's interest is served under Fed. R. Civ. P. 5.1.  Rule 5.1 creates a straightforward method for providing notice to the Commonwealth that there may be constitutional questions concerning its laws.  Importantly, Rule 5.1 is phrased in permissive, rather than mandatory terms.  *See* Fed. R.

Civ. P. 5.1(c) (a state attorney general "*may* intervene") (emphasis added).  This suggests that the

Federal Rules favor notice to states and the opportunity to intervene, but not mandatory joinder.

If the mere fact that the constitutionality of a statute could be implicated were sufficient to

require joinder, Rule 5.1 would serve little purpose.  Any challenge triggering the notice

requirement of Rule 5.1 would necessarily trigger mandatory joinder under Rule 19(a), thus

rendering the entire notice and permissive intervention procedure redundant.  The Sixth Circuit

confronted a similar situation in *School Dist. Of City of Pontiac v. Secretary of U.S. Dept. of

Education*, 584 F.3d 253 (6th Cir 2009) (en banc).  There, the court noted that several states "had

the opportunity to intervene . . . but declined to participate. . . . [I]t would turn Rule 19 analysis

on its head to argue that the States' interests are now impaired because they declined to

participate." *Id.* at 266.

 Joinder under Rule 19(a) is inappropriate because the City's interpretation of Rule 19(a)

would swallow Rule 5.1 whole, and must be avoided for that reason.  Although there are

situations where a state may be a required party under Rule 19(a), *see, e.g., Downing v. Globe

Direct LLC*, 806 F.Supp.2d 461, 467–68 (D. Mass. 2011) (finding Massachusetts to be a required

party because of a contractual relationship with the defendant in the case), holding the

Commonwealth to be a required party solely because there is the possibility of a constitutional

question—and again, Ms. Soto is not challenging the constitutionality of the law—would be

unprecedented in the First Circuit; no case law in this jurisdiction supports this interpretation of

Rule 19(a).  Accordingly, even if the constitutionality of M.G.L. c. 266 § 126 were squarely

before this Court, Rule 19(a) has little bearing on whether the Commonwealth is a required

party.

The City has expressly disavowed the notion that its own Ordinance should cover Ms. Soto's conduct.  *See* Defendant City of Cambridge's Opposition to Paula F. Soto's Motion for Summary Judgment, Dkt. 66, at 3.  Indeed, the City amended its Ordinance such that Ms. Soto's conduct is now ***permitted*** under its local laws.  Yet, the City continues to assert its policy is justified based on its interpretation of the state Statute.   The City's attempt to now force the Commonwealth to join as a necessary party is an improper use of Rule 19(a).

**III.    Conclusion**

For the foregoing reasons, the Court should deny the City's Motion to Join the Commonwealth as a necessary party under Fed. R. Civ. P. 19(a).

Dated:   June 12, 2015                           Respectfully submitted,


                                                 */s/ Chaloea Williams*
                                                 Kevin S. Prussia (BBO# 666813)
                                                 Julia M. Ong (BBO# 685014)
                                                 Chaloea Williams (BBO# 691154)
                                                 WILMER CUTLER PICKERING
                                                  HALE AND DORR, LLP
                                                 60 State Street
                                                 Boston, MA  02109
                                                 Telephone:  617-526-6000
                                                 Facsimile:  617-526-5000
                                                 kevin.prussia@wilmerhale.com
                                                 thaila.sundaresan@wilmerhale.com
                                                 julia.ong@wilmerhale.com


                                                 Of Counsel:


                                                 Matthew R. Segal (BBO# 654489)
                                                 AMERICAN CIVIL LIBERTIES UNION
                                                  OF MASSACHUSETTS
                                                 211 Congress Street, 3rd Floor
                                                 Boston, MA  02110
                                                 Telephone:  617-482-3170
                                                 Facsimile:  617-451-0009
                                                 msegal@aclum.org


                                                 *Attorneys for Plaintiff Paula F. Soto*

## <u>Certificate of Service</u>

I, Chaloea Williams, hereby certify that PLAINTIFF PAULA F. SOTO'S RESPONSE TO CITY OF CAMBRIDGE'S MOTION TO JOIN THE COMMONWEALTH AS A REQUIRED PARTY DEFENDANT PURSUANT TO FED. R. CIV. P. RULE 19(a) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 12, 2015.

*/s/ Chaloea Williams*_____