## Aylesworth, Samuel

| | |
|---|---|
| **From:** | Balakrishna, Annapurna (AGO) <Annapurna.Balakrishna@MassMail.State.MA.US> |
| **Sent:** | Monday, September 21, 2015 12:32 PM |
| **To:** | Aylesworth, Samuel |
| **Cc:** | kevin.prussia@wilmerhale.com; julia.ong@wilmerhale.com; chaloea.williams@wilmerhale.com; msegal@aclum.org |
| **Subject:** | AG's position on City's motion for joinder |

Dear counsel:

I write in response to Mr. Aylesworth's voice mail asking about the Attorney General's position on the City's motion for joinder. In this regard, we have reviewed the amended complaint, the City's motion for joinder, and the plaintiff's opposition. The Attorney General opposes mandatory joinder under Rule 19.

As an initial matter, "'states are immune under the Eleventh Amendment from private suit in the federal courts, absent their consent.'" Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir.2002) (quoting Greenless v. Almond, 277 F.3d 601, 606 (1st Cir.2002)).

Under Fed. R. Civ. P. 5.1(c), a state attorney general "may intervene" in an action "drawing into question" the constitutionality of a state statute. Thus, intervention is permitted, but not required. Here, the plaintiff notified the Massachusetts Attorney General that a question concerning the constitutionality of a state law may arise in the case. See Notice of Possible Constitutional Question, Dkt. 9, 34. In response, the Attorney General declined to intervene. See Letter from Attorney General's Office, Dkt. 42-1.

Where the Commonwealth has elected not to intervene under Rule 5.1, the Court may not compel it to do so. Even beyond the Commonwealth's Eleventh Amendment immunity, Fed. R. Civ. P. 19(a) does not apply for several reasons, including that the Attorney General has not "claim[ed] an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B).

Please call me if you have any further questions.

**Annapurna Balakrishna**
**Assistant Attorney General**
**617 - 963 - 2678 (direct dial)**

1