## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PAULA F. SOTO,

                                    Plaintiff,            Civil Action No. 1:13-cv-10822-JGD

v.

CITY OF CAMBRIDGE,

                                    Defendant.

## PARTIES' SUPPLEMENTAL STATEMENTS OF FACT

On September 21, 2015, the Court issued a Scheduling Order ordering the parties to file a joint supplemental statement of facts on whether the City of Cambridge ("City") has a policy of prohibiting noncommercial leaflets from being placed on cars parked on public streets. Because the parties were not able to stipulate to the supplemental facts, they respectfully submit the following separate supplemental statements of fact to address this question.[1]

**I.      Soto's Supplemental Statement of Facts**

1.        Prior to the amendment of Cambridge Municipal Ordinance § 9.04.050, the City had a policy of prohibiting leafletting parked cars on public streets. That policy, according to the City, was based on **both** the Ordinance **and** M.G.L. c. 266, § 126 (the "Statute"). Second Declaration of Kevin S. Prussia ("Second Prussia Decl."), Exhibit 1 (City's Answer to Plaintiff's First Set of Requests for Admission) at No. 2 ("Admit that the City has a policy of enforcing the Ordinance so as to forbid the placement of flyers on parked automobiles on public streets."

---

[1]  Plaintiff objects to the City's "Supplemental Statement of Facts" as impermissible under L.R. 56.1, which only allows the moving party to set forth the material facts of record and the non-moving party to provide a statement of which facts asserted are controverted. *See* L.R. 56.1. The Court's Order directed the parties to supplement the factual record; it did not provide Defendant with leave to offer its own set of additional facts. Accordingly, Plaintiff is not submitting a response to the City's purported "supplemental statement of facts".

Response: "Admitted"); Dkt. No. 67 (City's Response to Plaintiff's Statement of Material Facts) at 13 ("The City contends that the Defacement Statute is presumptively valid as a matter of law and that the **City's enforcement of the Defacement Statute is lawful.**") (emphasis added); *id* at 23 ("The City enforces the Ordinance against people who place flyers on parked cars."); *id*. at 25 ("The City has enforced the Ordinance **and Statute**") (emphasis added); *see also* Dkt. 37 (First Amended Complaint) at Exhibit 4, 1994 Opinion Letter (expressing the City's policy against leafletting); Dkt. 52-6 (Testimony of Commissioner Haas) at 122:5-13 (Q: "Does the City have a position on whether leafleting of cars violates the Defacement Statute?  A: "So, according to the memo that was written by Russell Higley, he refers to the statute as the enforcement mechanism for placing fliers on car windshields."); *id.* at 63:12-14 ("[W]e have been notifying people that they're not to leaflet cars **based either on the state statute** or ordinance. . . ."); Exhibit 1 at No. 29 (The City admitting that the word "placement" in the 1994 Opinion Letter "has equal applicability to commercial and noncommercial fliers."); *id.* at No. 51 (The City admitting that the "1994 Opinion Letter informed the City's position **that the Statute prohibited the posting of flyers on cars**."); *id.* at No. 79 (The City admitting that it "has enforced the Ordinance **and Statute** by informing individuals that they are in violation with those laws without issuing citations or fines to those individuals."); *id.* at No. 80 (same).

2.      Subsequent to the amendment of Ordinance § 9.04.050 on May 18, 2015, the City continued to assert its policy of prohibiting leaflets on publicly parked cars on both the Statute and Ordinance.  Dkt. 81 (City's Amended Opposition to Soto's Motion for Summary Judgement) at 1 ("***Pursuant to . . . M.G.L. c. 266, § 126 (the 'Statute')*** and City of Cambridge Ordinance Chapter 9.04 (the 'Ordinance'), ***the act of placing fliers on parked motor vehicles is a prohibited activity.***") (emphasis added); *id.* at  9 ("Here, **the enforcement of** the Ordinance and

ActiveUS 148876847v.1

*the Statute as applied to Soto* and others represents a 'means of achieving the government's interest' that would be achieved less effectively absent this policy of enforcement.") (emphasis added).

**CITY'S RESPONSE TO NO. 2:**

**Disputed.** The Ordinance, as amended, does not prohibit the placement of non-commercial fliers on cars parked on the public ways. Further, the City has no other policy other than to enforce laws of the Commonwealth.

3. On October 6, 2015, counsel for Ms. Soto served supplemental discovery to the City directed to the Court's question of whether the City continues to maintain this position. Second Prussia Decl., Exhibit 2 (Soto's Second Set of Requests for Admissions to the City of Cambridge) and Exhibit 3 (Soto's Second Set of Interrogatories to the City of Cambridge).

4. The City has refused to respond. Second Prussia Decl., Exhibit 4 (Email from S. Aylesworth) dated October 7, 2015.

**CITY'S RESPONSE TO NO. 4:**

**Disputed.** The Plaintiff mischaracterizes the factual record—counsel for the City did not refuse to respond to the discovery proffered by the Plaintiff. *See* Exhibit 1 to Prussia Decl. Counsel for the City objected to the Plaintiff's attempt to serve additional discovery on the City because the Court did not grant the Plaintiff leave to do so nor is there a basis for Plaintiff to do so under the Federal Rules of Civil Procedure. *See* Third Declaration of Samuel A. Aylesworth.

5. On October 22, 2015, the City produced an Affidavit of City of Cambridge Police Commissioner Robert C. Haas. Commissioner Haas's affidavit affirms that the City has a policy, custom or practice of enforcing the laws of the Commonwealth, which includes M.G.L. c.

ActiveUS 148876847v.1

266 § 126, and which the City interprets as prohibiting "the act of placing fliers on parked motor

vehicles [.]" Dkt. 81 (City's Amended Opposition to Soto's Motion for Summary Judgement) at

1.

6.      The City has not provided any statements or evidence that contradicts the record

reflecting its position that it maintains a policy against leafleting on publicly parked cars.

**CITY'S RESPONSE TO NO. 6:**

**Disputed.**

7.      In addition, no matter whether the City's approach to this issue is characterized as

a policy or instead as something it feels compelled by state law to do, the City has made clear

that it is prepared to enforce § 126 against anyone who leaflets a parked car in Cambridge.

**CITY'S RESPONSE TO NO. 7:**

**Disputed.**

**II.      City's Supplemental Statement of Facts**

1.      In response to the Court's September 21, 2015 Scheduling Order, the City filed

the Affidavit of City of Cambridge Police Commissioner Robert C. Haas. See Dkt. 95.

2.      On May 18, 2015, the City of Cambridge City Council amended City of

Cambridge Ordinance Chapter 9.04 (the "Ordinance"). The Ordinance no longer prohibits the

posting of non-commercial handbills, posters, advertisements or notices on private property and

hence the posting of such items on privately owned motor vehicles in the public way is no longer

prohibited by the Ordinance. See Affidavit of City of Cambridge Police Commissioner Robert C.

Haas at ¶ 1.

3.      The Ordinance is the only written expression of the City's policy, custom or

practice relative to the posting of non-commercial speech on private property. *Id.* at. ¶2.

4.      The City no longer has a policy, custom or practice of prohibiting the placement of non-commercial fliers on motor vehicles parked on the public way pursuant to as a result of the amendments to the Ordinance. *Id.* at ¶3.

5.      The City does have a policy, custom and/or practice of responding to and investigating citizen complaints about alleged violations of law. *Id.* at ¶4.

6.      As noted previously to the Court, the City's police officers have a policy, custom and/or practice of enforcing the laws of the Commonwealth as they are required to do. *Id.* at ¶5.

ActiveUS 148876847v.1

Dated:   October 26, 2015                    Respectfully submitted,


                                             /s/ Julia M. Ong
                                             Kevin S. Prussia (BBO# 666813)
                                             Julia M. Ong (BBO# 685014)
                                             Chaloea Williams (BBO# 691154)
                                             WILMER CUTLER PICKERING
                                              HALE AND DORR, LLP
                                             60 State Street
                                             Boston, MA  02109
                                             Telephone:  617-526-6000
                                             Facsimile:  617-526-5000
                                             kevin.prussia@wilmerhale.com
                                             thaila.sundaresan@wilmerhale.com
                                             julia.ong@wilmerhale.com


                                             Of Counsel:


                                             Matthew R. Segal (BBO# 654489)
                                             AMERICAN CIVIL LIBERTIES UNION
                                              OF MASSACHUSETTS
                                             211 Congress Street, 3rd Floor
                                             Boston, MA  02110
                                             Telephone:  617-482-3170
                                             Facsimile:  617-451-0009
                                             msegal@aclum.org


                                             Attorneys for Plaintiff Paula F. Soto


                                             s/ Samuel A. Aylesworth
                                             Samuel A. Aylesworth (BBO #645057)
                                             Assistant City Solicitor
                                             City of Cambridge
                                             795 Massachusetts Avenue
                                             Cambridge, MA 02139
                                             617-349-4121 (phone)
                                             617-349-4134 (fax)
                                             saylesworth@cambridgema.gov


                                             Attorney for Defendant City of Cambridge

                                   6

**CERTIFICATE OF SERVICE**

I, Julia M. Ong, hereby certify that a true and correct copy of the above document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 26th day of October 2015.

_/s/ Julia M. Ong_
Julia M. Ong

7