## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAULA F. SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.13-10822 |
| | ) | |
| CITY OF CAMBRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### JOINT STATUS REPORT AND PROPOSED SCHEDULES

Pursuant to the Court's Order of September 21, 2015 (the "Scheduling Order"), the

parties report that they have filed supplemental statements of facts with the Court on October 26,

2015.  Paragraph 3 of the Scheduling Order states: "In addition, the parties shall indicate

whether, in light of the facts, they wish to file supplemental briefs addressing whether there is a

live case and controversy in this matter.  In the event the parties wish to file supplemental briefs,

they shall propose a schedule for filing additional materials with the Court."  (Dkt. 90 at ¶ 3.)

The parties have been unable to reach agreement regarding Paragraph 3 and therefore submit the

following:

<ins>DEFENDANT CITY OF CAMBRIDGE'S POSITION REGARDING BRIEFING SCHEDULE</ins>

Although both parties wish to file such briefs, the parties are unable to agree on a

schedule for filing said briefs. Plaintiff has already filed a Statement of Supplemental Authority

in Support of Plaintiff's on October 9, 2015 in contravention of the Scheduling Order. The

Plaintiff failed to 1) consider the supplementation of the factual record prior to filing her brief

(the Plaintiff filed her brief over two weeks prior to the date established by the Court for the

parties to file their supplemental statements of facts); and 2) the Plaintiff failed to discuss the briefing schedule with counsel for the City prior to filing her brief.

The City will file such a brief with the Court on November 9, 2015, which is two weeks following the date the parties filed their joint statements with the Court pursuant to the Scheduling Order. The City objects to the Plaintiff seeking leave to file a response to the City's brief without seeking leave from Court prior to the City having even filed its brief.

## PLAINTIFF PAULA F. SOTO'S POSITION REGARDING BRIEFING SCHEDULE

The Court directed the City to identify whether it continues to prohibit the distribution of noncommercial leaflets on parked vehicles located on the City's public streets.  The parties' joint filing on October 26, 2015 unequivocally establishes that the City does.  In that filing, the City **admitted** that it had, and continues to have, a "policy, custom or practice of enforcing the laws of the Commonwealth, *which includes M.G.L. c. 266 §126, and which the City interprets as prohibiting 'the act of placing fliers on parked motor vehicles[.]*'"  (*See* Dkt. 96 (Parties' Supplemental Statements of Fact) at p. 3, ¶ 5 (emphasis added); *see also* ¶ 1.)

This is not surprising, as it is the position that the City has maintained throughout this litigation and is consistent with all of the adduced discovery.  (*See* Dkt. 81 (City's Amended Opposition to Soto's Motion for Summary Judgment) at 1 ("***Pursuant to . . . M.G.L. c. 266, § 126 (the 'Statute')*** … ***the act of placing fliers on parked motor vehicles is a prohibited activity.***") (emphasis added);  Dkt. 52-6 (Testimony of City's 30(b)(6) witness) at 122:5-13 ("Q: Does the City have a position on whether leafleting of cars violates the Defacement Statute? A: So, *according to the [1994 Opinion Letter]* that was written by Russell Higley, *he refers to the statute as the enforcement mechanism for placing fliers on car windshields*.") (emphasis

added);  Dkt. 97-1 (Defendant City of Cambridge's Responses to Plaintiff Paula F. Soto's First

Set of Requests for Admission) at No. 51 (The City admitting that the "1994 Opinion Letter

informed the City's position *that the Statute prohibited the posting of flyers on cars.*")

(emphasis added); *id.* at No. 29 (The City admitting that the 1994 Opinion Letter "has equal

applicability to commercial *and noncommercial fliers.*") (emphasis added).)  Thus, there can be

no real dispute that a case or controversy exists over Plaintiff's prospective conduct under Article

III.

  To the extent the City wished to file further briefing on this issue—an issue that the City

heretofore had never raised in this litigation—it should have discussed with Plaintiff prior to the

filing of the joint supplemental record.  It did not.  Instead, the City waited until after the

supplemental record was filed to seek additional briefing.  Even now, the City notably does not

seek to file briefing on the precise question posed by the Court, *i.e.*, "whether there is a live case

and controversy in this matter."  Rather, the City seeks to file "a brief in response" to Plaintiff's

Statement of Supplemental Authority.  (Ex. 1 (10/27/2015 email from Aylesworth to Ong).)  But

that brief was filed by Plaintiff several weeks ago on October 9.  (See Dkt. 94.)  To the extent the

City wished to file a response to that brief, it could have—and should have—done so long ago.

There certainly was no need for the City to wait 31 days to do so (which is what the City

proposes above).  Further, Plaintiff's Statement of Supplemental Authority was directed to

providing the Court with clarification regarding the justiciability of Plaintiff's claim based on the

City's enforcement action against her on December 12, 2011.  Plaintiff expressly noted that the

Court's question of whether there is a live case and controversy based on any *future* action may

be addressed in the parties' October 26 filing.  (*See* Dkt. 94 (Statement of Supplemental

Authority in Support of Plaintiff Paula F. Soto's Motion for Summary Judgment) at 2.)  As

explained above, it did—the parties' October 26 filing unequivocally establishes that the City

will enforce M.G.L. c. 266 §126 to prohibit leafleting parked cars (regardless of whether it is

commercial or noncommercial).

The City omits that Plaintiff proposed a schedule that would have allowed the City to file

a brief today, with a response by Plaintiff seven days later on November 9.  (*See* Ex. 2 (October

27, 2015 Email from K. Prussia).)  To the extent the Court grants the City's request for

additional briefing, Plaintiff requests that she be permitted to file a response within 7 days.

*Respectfully submitted*,

November 2, 2015

\s\ Julia M. Ong

Kevin S. Prussia (BBO# 666813)
Julia M. Ong (BBO# 658014)
Chaloea Williams (BBO # 691154)
WILMER CUTLER PICKERING
HALE AND DORR, LLP
60 State Street
Boston, MA  02109
Telephone:  617-526-6000
Facsimile:  617-526-5000
kevin.prussia@wilmerhale.com
julia.ong@wilmerhale.com
chaloea.williams@wilmerhale.com

Of Counsel:
Matthew R. Segal (BBO# 654489)
AMERICAN CIVIL LIBERTIES UNION
 OF MASSACHUSETTS
211 Congress Street, 3rd Floor
Boston, MA  02110

_\s\ Samuel A. Aylesworth_____

Samuel A. Aylesworth (BBO #645057)
Asst. City Solicitor
Law Department – City Hall
795 Massachusetts Avenue
Cambridge, MA 02139
(617) 349-4121
saylesworth@cambridgema.gov

*Counsel for Defendant City of Cambridge*

Telephone:  617-482-3170
Facsimile:  617-451-0009
msegal@aclum.org

*Attorneys for Plaintiff Paula F. Soto*

5