# EXHIBIT 1

```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

***************************

PAULA F. SOTO,
        Plaintiff

vs.                                    Case No. 1:13-cv-10822-JGD

CITY OF CAMBRIDGE,
        Defendant

***************************


                    TRANSCRIPT OF MOTION HEARING
                BEFORE THE HONORABLE JUDITH G. DEIN
                     AT BOSTON, MASSACHUSETTS
                      ON SEPTEMBER 21, 2015


APPEARANCES:

For the Plaintiff:
Julia M. Ong, Esquire
Kevin S. Prussia, Esquire
Wilmer Hale, LLP
60 State Street
Boston, Massachusetts 02109
617-526-6744

For the Defendant:
Samuel A. Aylesworth, Esquire
City of Cambridge
795 Massachusetts Avenue
Cambridge, Massachusetts 02139
617-349-4131


Transcriber:  Karen M. Aveyard,
              Approved Federal Court Transcriber

         --------------------------------------------------------

                         TRANSCRIPTION PLUS
                          1334 ELM STREET
                  LEOMINSTER, MASSACHUSETTS 01453
                          (978) 466-9383
                       www.transcriptionplus.com
```

1   You hear what he's saying.  He's saying to you whether we want
2   to talk exit strategy or not, or who should have gone first, or
3   whether -- I mean, I remember the argument on the city taking
4   the position that they were surprised that the case was
5   continuing given the change in the ordinance; fair to say?
6            MR. AYLESWORTH:  Yes, your Honor.
7            THE COURT:  Okay.  So I remember that.  His concern is
8   tomorrow if I dismiss this case, that this conduct will result
9   in a ticket or police involvement.  I don't know that we know
10  the answer of whether that's true or not.  I don't know if the
11  city wants to take a position on that.  I'm afraid you're going
12  to have to take a position though.  I mean, that's where I'm
13  stuck, among the many places I'm apparently stuck in this.
14           MR. AYLESWORTH:  Well, your Honor, I find myself going
15  back to what I said initially, in that --
16           THE COURT:  Whether you have the right to do so or
17  not, you know, the fact that we can have in our heads policies
18  and practices, I think they need to be more concrete.  I think
19  that you can't just say I have a, you know, good or bad.
20           MR. AYLESWORTH:  I mean, I don't want to say to the
21  Court that there is this policy that we're going to go out
22  there and, you know, enforce Chapter 266-126 when that's --
23           THE COURT:  That's not the -- don't phrase it that
24  way.  You're saying enforce it in the way you're interpreting
25  it.  I have a much more limited question.  The question is, do

```
 1    you have a policy of prohibiting the placement of noncommercial
 2    leaflets on publicly parked cars.
 3              Is that -- that's the issue?
 4              That's the policy.  I don't care why you have that
 5    policy.  That's the question that's at issue in this case.
 6              MR. AYLESWORTH:  I mean, I think it's difficult for me
 7    to answer that question, honestly.
 8              THE COURT:  I don't know that the answer is here in
 9    the record.  It was easy when the ordinance said don't do it.
10    Then you have a policy.  The policy at that time was that you
11    are not allowed to leaflet, private or commercial.  That's no
12    longer the ordinance.  So I don't -- I'm not terming it in
13    terms of do you have a policy of enforcing the statute.  I'm
14    assuming that you are required to enforce the statute.
15              MR. AYLESWORTH:  That's the only policy I can speak
16    to.
17              THE COURT:  I don't know that there's a policy or
18    practice prohibiting their leafletting of noncommercial events
19    on public cars.  That's what I need to know, and given this
20    record, whether I have a case of controversy, that makes a
21    ruling on whether that's legal or not if I don't have the right
22    parties other than a general interest in knowing the answer.
23              MS. ONG:  Your Honor, would you -- would the Court be
24    open to reopening discovery for this limited purpose, to --
25              THE COURT:  Well, I think that I'm -- I think you're
```

```
 1   going to need to, but I think maybe, Mr. Aylesworth, you need
 2   to sit down with your client and see whether that issue is
 3   still alive for now.
 4           MR. AYLESWORTH:  So how would the Court recommend that
 5   I communicate that to the Court?
 6           I mean, if I --
 7           THE COURT:  Well, I think it's a supplement to the
 8   summary judgment record.
 9           MR. AYLESWORTH:  All right.
10           THE COURT:  I think that the Attorney General's -- the
11   AG's e-mail should be filed as a supplement to the appendix to
12   the motion.  I mean, I think we need to have a record because I
13   have a feeling if I actually reach the merits of this or not,
14   you know, we need a record.  I mean, this may be -- if I rule
15   on a constitutional issue, I can guarantee that somebody is
16   going to take it up to the First Circuit.  So we're going to at
17   least need the facts of what's going on here, all right.
18           So I guess the question becomes whether you want to
19   talk to your client and see whether you can have an agreed-upon
20   fact and how that fact affects things or not, or you can have a
21   disputed fact, but I think the fact as to whether or not the
22   city intends to prohibit the leafletting of private activities
23   on parked cars is a material fact that I need to know the
24   answer to.
25           And then the question becomes -- and where is that --
```

1  if the answer to that is yes, where is that reflected.  Now, I
2  don't know if that can be done by stipulation or if that
3  requires additional discovery.  I don't know.  I mean, it is
4  what it is.  It shouldn't be an adversary -- that shouldn't be
5  adversarial.  I mean, you may not like the answers, but I think
6  the reality --
7           MR. AYLESWORTH:  That's what I -- I think that is a
8  concern for me, your Honor.  I mean, I could make a stipulation
9  or attempt to enter a stipulation with opposing counsel, but if
10 they're not going to agree to what I say or to what my client
11 says, then where does that leave us.
12          I mean --
13          THE COURT:  Well, why don't you see if that works
14 first.
15          So why don't I -- I'm going to continue this.  Well,
16 actually, you know, it's under advisement, whatever.  Why don't
17 you meet and confer within three weeks, all right, and let the
18 Court know within five weeks whether I have a stipulated fact
19 or not.  Give me a -- put it this way:  Both of you file a
20 joint supplemental factual record on this issue, all right.  It
21 will either be an agreed-upon fact or it will be a disputed
22 fact.  I don't know.  But I need to know what both your
23 positions are as to the enforcement of prohibiting this
24 leafletting.  And think the plaintiff is saying we don't know
25 what you're going to do.  So far you're not retracting it, so I

1    ==guess the ball is really in the city's court to come out and==
2    ==say whether or not this is your policy, and if so, where is it==
3    ==reflected.==  But not it's our job to enforce the statute.
4    ==That's not what I'm asking you.  I'm asking you very==
5    ==specifically, do you have a custom or policy or practice of==
6    ==prohibiting this type of leafletting now that the ordinance has==
7    ==been amended.==
8               MR. AYLESWORTH:  So with that, your Honor, should
9    we -- do you want to hear my substantive argument on the
10   opposition of the motions or should we hold off until we've had
11   a chance --
12              THE COURT:  I'm going to ask you to hold on that --
13              MR. AYLESWORTH:  That's fine.
14              THE COURT:  -- because I think I need to understand
15   where we are on this.
16              I'm also going to give you -- let me know after you've
17   conferred if you want to file supplemental briefs on the case
18   and controversy issue or not, and if so, agree on a schedule
19   and just submit that to me, okay.
20              So I'm ordering the supplementation of the factual
21   record, and then you let me know whether or not you want to
22   file on the legal issue of case or controversy, which may
23   depend on what the factual record says.
24              MS. ONG:  Your Honor, we also served requests for
25   admissions to the city, and should their position change, we

1   ask that they also supplement, I guess, the RFA specifically to
2   this question.  I don't have the RFA in front of me, but there
3   was a question pointed to whether the city has this policy and
4   they, I believe, affirmatively answered admitted.  But I can
5   find that.  I don't have it with me before.
6          THE COURT:  I think that if there -- you know, I don't
7   have it and I don't know the wording, but the city should
8   review its request for admissions if there's one that fits in
9   to this fact that I have.
10         I hate to give you more work and I hate to not just
11  answer your question, but I am concerned.  I am concerned on
12  whether or not we actually have a case that this court has the
13  jurisdiction to decide.
14         MR. PRUSSIA:  So may I just --
15         THE COURT:  All right.  Yeah.
16         MR. PRUSSIA:  I would just request, your Honor, that
17  the city be required on 26(e) to supplement any of their
18  responses to our discovery because what we're hearing in court
19  is entirely different from what's reflected in their actual
20  discovery responses in this case, which really should govern.
21  So if they're now saying that there is no policy, we've asked
22  them that directly in several forms in our written discovery
23  and they've told us consistently yes we do, yes we do, yes we
24  do.  So if that's now their change, they should supplement and
25  submit something under Rule 11 that says something different.

```
1            MR. AYLESWORTH:  Your Honor, I can't speak to the
2    specific -- I mean, if they have something specific they're
3    talking about, I'd love to see it.
4            THE COURT:  I'm going to ask counsel to confer on
5    that, okay.
6            MR. AYLESWORTH:  Yeah.
7            THE COURT:  What I'm hearing is that the policy has
8    consistently been we have the policy of enforcing the statute.
9    I'm not asking them to -- if that's their answers in discovery,
10   that's okay.  I mean, I'm not asking -- I'm just narrowing it.
11   ==I want to know whether there's a policy under the scenario==
12   ==regardless of the basis for the policy.==
13           Okay?
14           All right.  So file -- I need the supplemental facts
15   within five weeks, okay.  You let me know before then or by
16   then whether or not you want to brief it as well, and I'll
17   schedule the next hearing, okay.
18           MR. AYLESWORTH:  Thank you, your Honor.
19           THE COURT:  All right.  Thank you.
20
21           (The hearing was concluded.)
22
23
24
25
```

C E R T I F I C A T I O N

I, Karen M. Aveyard, Approved Federal Court Transcriber, do hereby certify that the foregoing transcript, consisting of 37 pages, is a correct transcript prepared to the best of my skill, knowledge and ability from the official digital sound recording of the proceedings in the above-entitled matter.

/s/ Karen M. Aveyard

Karen M. Aveyard

September 27, 2015

Date