UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAULA F. SOTO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 13-10822-JGD |
| | ) | |
| CITY OF CAMBRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF DECISION AND ORDER ON
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND DEFENDANT'S MOTION FOR JOINDER

June 20, 2016

DEIN, U.S.M.J.

### I.  INTRODUCTION

As originally filed, this case raised the issue whether the plaintiff's First Amendment rights were violated when she was prohibited from placing non-commercial leaflets on parked cars in the City of Cambridge.  It was the City's position that such leafleting was prohibited by Cambridge City Ordinance § 9.04.050 (the "Ordinance") and Mass. Gen. Laws ch. 266, § 126 (the "Statute").  During the pendency of this action, the Ordinance was amended so that it no longer prohibited "the posting of such items on privately owned motor vehicles in the public way[.]"  Affidavit of City of Cambridge Police Commissioner Robert C. Haas (Docket No. 95) ("Haas Aff.") ¶ 1.  However, the City continued to take the position that Mass. Gen. Laws ch. 266, § 126 authorizes it to prohibit such leafleting, and that it is responsible for "enforcing the laws of the Commonwealth[.]"  Id. ¶ 5.  Nevertheless, the City also contends that there is no

evidence that it will seek to prevent the plaintiff from placing her leaflets on parked cars in the future.

The plaintiff argues that neither the Ordinance nor the Statute covers the instant factual situation of placing non-commercial leaflets on parked cars, but if they were interpreted to cover the instant situation they would be unconstitutional.  The plaintiff gave notice to the Commonwealth of the possibility that the constitutionality of a statute was being challenged in this case, but the Commonwealth declined to intervene in this action or to take a position as to the scope of the Statute.  As a result of these events, this case has been buried in issues of justiciability and whether there exists a case or controversy so as to entitle the plaintiff to the relief she is seeking, including declaratory and injunctive relief, nominal damages and attorneys' fees.

This matter is presently before the court on the plaintiff's Motion for Summary Judgment (Docket No. 49) and the defendant's Motion to Join the Commonwealth as a Required Party Defendant Pursuant to Fed. R. Civ. P. Rule 19(a) (Docket No. 63).  For the reasons detailed herein, the summary judgment motion and the joinder motion are DENIED.  This court finds that:

1.      The plaintiff's claims for declaratory and injunctive relief are moot;

2.      There are disputed facts as to whether the City of Cambridge had a policy of barring the placement of non-commercial leaflets on the windshields of parked cars prior to the amendment of the Ordinance;

3.      This court declines to offer an advisory opinion as to whether the Statute

precludes non-commercial leaflets from being placed on parked cars, or whether such a ban

would be constitutional;

4.      The claim for nominal damages due to an alleged breach of the old Ordinance is

insufficient to keep this case active; and

5.      Since this case is moot, and the Commonwealth cannot be joined as a party

without its consent, the joinder motion is denied.

## II.   <u>STATEMENT OF FACTS</u>

The plaintiff, Paula F. Soto, lives in Cambridge, Massachusetts.  Plaintiff's Statement of

Undisputed Material Facts (Docket No. 51) ("PF") ¶ 2.  She is the founder of UPandOUT, an

organization she created to raise awareness about important political and social issues that she

believes are not adequately addressed by the mainstream media.  PF ¶ 3.  UPandOUT is not a

registered 501(c)(3) organization, it has no paid staff, and it does not generate any income.  PF

¶ 4.  Through UPandOUT, Ms. Soto organizes a free monthly film series which is held in the

community room of her apartment building, an affordable housing complex.  PF ¶ 5.  Ms. Soto

advertises these film screenings, as well as various political and social issues, by distributing

flyers on cars parked on public streets in the City of Cambridge.  PF ¶¶ 8-9.  In some months,

she distributes over 1,000 flyers this way.  PF ¶ 10.  To a lesser extent, she also advertises these

events by putting flyers in the windows of local businesses, sending emails and posting flyers on

bulletin boards in parks.  PF ¶ 11.  It is now undisputed that the flyers constitute non-

commercial speech.  Defendant's Response to Plaintiff's Statement of Material Facts (Docket

No. 67) ("DR") ¶ 49. However, the record indicates that the City required discovery before

[3]

determining that it was non-commercial speech.  See Docket No. 62 ("The City seeks to file an

amended answer in which it concedes that Soto's activities that are the subject of this litigation

constitute non-commercial speech.").

Ms. Soto has been involved with UPandOUT, and has been placing leaflets on parked

cars, for at least seven years.  PF ¶ 12.  On December 12, 2011, Ms. Soto was placing leaflets on

parked cars in Cambridge advertising the free monthly film screenings, when she was

approached by a Cambridge police officer, who informed her that she could not place leaflets

on parked cars.[1]  PF ¶¶ 16-17.  She was also informed that her actions constituted littering.  PF

¶ 18.  Ms. Soto stopped placing the leaflets on the cars that day, although she did continue to

try and hand them out to passers-by.  PF ¶ 19; DR ¶ 19.  There is no evidence in the record that

the police interfered with her leafleting activities at all prior to this incident, even though Ms.

Soto had received complaints from car owners over the years.  See PF ¶ 15.  It is undisputed

that Ms. Soto has not knowingly distributed a flyer on an automobile after an owner asked her

not to do so.  Id.

The day after having been told to stop placing leaflets on parked cars, Ms. Soto

contacted the American Civil Liberties Union of Massachusetts ("ACLUM"), which contacted the

then-Cambridge City Solicitor on Ms. Soto's behalf, and objected to the fact that Ms. Soto was

told to stop leafleting.  PF ¶¶ 20-22.  The City Solicitor sent Ms. Soto's counsel a copy of an

opinion letter, dated February 3, 1994, written by a former City Solicitor, opining that

---

[1] The defendant has objected to statements of fact propounded by the plaintiff describing oral statements allegedly made on the grounds that they are "hearsay" and "inadmissible."  See, e.g., DR ¶¶ 17-18, 21-22.  The statements are not being offered for the truth and the objections are overruled, unless otherwise indicated.  Since there is no evidence in the record denying the fact that the statements were made, the court deems them to be undisputed.

placement of commercial advertising on car windows was illegal and precluded by Mass. Gen.

Laws ch. 266, § 126 and Cambridge City Ordinance § 9.04.050.  Am. Compl. Ex. 4 (the "1994

Opinion Letter"); PF ¶¶ 24-27.  In particular, Mass. Gen. Laws ch. 266, § 126, entitled "Natural

scenery; penalty for defacement" provided (in 1994 and now) in relevant part as follows:

> Whoever paints, or puts upon, or in any manner affixes to, any fence,
> structure, pole, rock or other object which is public property or the
> property of another, whether within or without the limits of the highway,
> any words, device, trade mark, advertisement or notice which is not
> required by law to be posted thereon, without first obtaining the written
> consent of the municipal or public officer in charge thereof or the owner
> or tenant of such property, shall, upon complaint of such municipal or
> public officer, or of such owner or tenant, be punished by a fine of not
> less than ten nor more than one hundred dollars, and in addition shall
> forfeit to the use of the public or private owner of such property or the
> tenant thereof the cost of removing or obliterating such defacement to
> be recovered in an action of tort.  Any word, device, trade mark,
> advertisement or notice which has been painted, put up or affixed within
> the limits of a highway in violation of this section shall be considered a
> public nuisance, and may be forthwith removed or obliterated and
> abated by any person.

As quoted in the 1994 Opinion Letter, Cambridge Ordinance § 9.04.050 provided in

relevant part:

> A.    No person shall post or attach, or directly or indirectly cause to
>        be posted or attached in any manner, any handbill, poster,
>        advertisement or notice of any kind ... on private property
>        without the consent of the owner or occupant thereof....
>
> C.    The person or persons responsible for causing the unlawful
>        posting of any notice described herein will be liable for the cost
>        of removal and for the penalties described below.

The penalties were "$300 per illegal advertisement, or if punished by noncriminal ticketing, $25

for the first violation, $100 for the second violation, and $200 for the third and all subsequent

violations."  1994 Opinion Letter at 2.  It is undisputed that the Ordinance governs the

[5]

"defacement" of public or private property.  PF ¶ 26.  This quoted version of the Ordinance went into effect in May 1992, and was in effect in December 2011.  See PF ¶¶ 30-32.

Finally, in the 1994 Opinion Letter the City Solicitor opined that commercial speech could be limited by reasonable time, place, and manner restrictions that further a significant governmental interest without violating the free speech guarantee of the First Amendment to the United States Constitution.  1994 Opinion Letter at 2 (citing John Donnelly & Sons, Inc. v. Outdoor Advert. Bd., 369 Mass. 206 (1975); Mass. Fair Share, Inc., v. Town of Rockland, 610 F. Supp. 682 (1985)).  As the Solicitor stated, "[i]f a reasonable advertising restriction does not affect speech based on its content, if it is narrowly drawn, and alternative means of communication are available, the restriction is likely to be valid."  Id. (quoting 7 McQuillin, Municipal Corporations, § 24.393: "For example, an ordinance that prohibits the placing of handbills in any automobile, yard, or porch without the consent of the owner may be valid.").

While the 1994 Opinion Letter addressed only commercial speech, it is the City's position in this litigation that the Ordinance was intended to address visual blight, and that it covered the placement of commercial and non-commercial flyers on motor vehicles.  DR ¶¶ 29, 35.  Nevertheless, there is undisputed evidence in the record that the Compliance Officer for the City of Cambridge's Public Works Department who, in addition to the police, was respon- sible for enforcing the Ordinance at issue, had never before this litigation issued a citation, warning or notice to anyone regarding the placement of leaflets on cars, and was unaware if anyone else had done so.  See PF ¶¶ 67-72; DR ¶¶ 67-72.  Rather, it was the Compliance Officer's opinion that the Ordinance applied only to leaflets illegally placed on news racks, poles, trees, park bulletins, utility poles and benches.  PF ¶ 73; DR ¶ 73.  The plaintiff also is of

the opinion that the Ordinance and Statute only apply to the more permanent posting of signs, and are not applicable to leaflets placed on cars.  See PF ¶¶ 35-38, 74.

### Post Litigation Events

The plaintiff commenced this action on April 10, 2013.[2]  By her First Amended Complaint ("Am. Compl.") (Docket No. 37), brought under 42 U.S.C. § 1983, Soto alleges that the prohibition on non-commercial leafleting violated her First Amendment rights under both the United States Constitution and Article XVI of the Massachusetts Declaration of Rights.  She is seeking declaratory and injunctive relief, nominal damages and attorneys' fees.  Soto contends that by their express terms, the City Ordinance and Statute do not prohibit the placement of non-commercial leaflets on parked automobiles, that the City's policy of prohibiting such leafleting "is not based on any law and cannot be enforceable" and that the City violated her constitutional rights by precluding her from leafleting.  See Am. Compl. ¶¶ 30, 35, 49.  She contends further that to the extent the Ordinance and Statute are deemed to prohibit the placement of non-commercial leaflets on parked automobiles, they violate her constitutional rights.  See id. ¶¶ 47, 55.

Ms. Soto alleges, and the City denies, that she "has a reasonable apprehension that the City will punish her if she carries on her leafleting activities."  PF ¶ 45; DR ¶ 45.  As she has admitted, however, she has continued to leaflet on approximately a monthly basis since this litigation started.  Declaration of Kevin S. Prussia (Docket 52) at Ex. B, RFA No. 1.  While the number of flyers varies from month to month, she has distributed approximately 1,200 flyers

---

[2]  On or about April 16, 2014, the parties consented to having this case resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (Docket No. 25).

per month in some months.  Id. at RFA No. 12.  She also uses the internet to announce the

location, time, and date of monthly free film screenings, and continues to communicate with

the public through the use of email distribution lists, flyers in the windows of local businesses,

and postings on bulletin boards in parks.  Id. at RFA Nos. 14-17.  There is no evidence in the

record that the City has interfered in any way with any of this leafleting since the one alleged

encounter on December 12, 2011.  It is undisputed that the City has never issued a fine to any

individual or business for placing leaflets on parked cars pursuant to the Ordinance.  PF ¶ 63.

The City contends, however, that it "has enforced the Ordinance on numerous occasions

without the issuance of a citation or a fine."  DR ¶ 64.  There is no documentary proof of this

assertion to the extent it pertains to the placement of leaflets on cars that are parked on City

streets.  See PF ¶¶ 77-79; DR ¶¶ 77-79.

On June 18, 2014, the issue whether the Ordinance should be repealed, amended to

clarify that leafleting is not prohibited, or deemed not to apply to non-commercial leafleting

was referred to the Cambridge City Council.  PF ¶ 60.  On August 26, 2014, the plaintiff filed a

"Rule 5.1 Notice of Possible Constitutional Question" asserting that the constitutionality of

Mass. Gen. Laws ch. 266, § 126 may be drawn into question if the statute is deemed to apply to

Ms. Soto's actions.  Docket No. 34.  Despite having notice of this possibility, the Attorney

General has declined to intervene in this action.  Docket No. 42.  See generally PF ¶¶ 41-42.

On March 16, 2015, after discovery was complete, Ms. Soto filed the pending motion for

summary judgment.  Docket No. 49.  A few days before the motion was due to be filed, the City

moved to stay the action on the grounds that the Cambridge City Council had decided to con-

sider an amendment to the City Ordinance.  Docket No. 47.  The plaintiff opposed the motion.

When, at the hearing on the motion to stay, it became clear that no resolution by the City Council would be forthcoming soon, and the outcome would not necessarily resolve the issues in dispute, this court denied the motion to stay on April 7, 2015. Docket No. 60.

On May 18, 2015, the Cambridge City Council amended Ordinance § 9.04 so that it "no longer prohibits the posting of non-commercial handbills, poster[s], advertisements or notices on private property and hence the posting of such items on privately owned motor vehicles in the public way is no longer prohibited by the Ordinance."  Haas Aff. ¶ 1.  According to the City, as a result of this amendment, "the City no longer has a policy, custom or practice of prohibiting the placement of non-commercial fliers on motor vehicles parked on the public way, pursuant to the Ordinance." Id. ¶ 3.  However, also according to the City, it "does have a policy, custom and/or practice of responding to and investigating citizen complaints about alleged violations of law" and "a policy, custom and/or practice of enforcing the laws of the Commonwealth as [it is] required to do." Id. at ¶¶ 4-5.  The City has not altered its position that Mass. Gen. Laws ch. 266, § 126 prohibits leafleting on parked cars.  Nevertheless, the City argues that there currently is no case or controversy before this court, as it is speculative that the Statute will be enforced against the plaintiff to prohibit her from engaging in such activity. See Docket No. 102 at 4-5.[3]

On May 29, 2015, the City filed its motion to join the Commonwealth as a required party defendant pursuant to Fed. R. Civ. P. 19(a) on the grounds that since the Ordinance has been

---

[3] After the Ordinance was amended, this court attempted to ascertain whether there was still a live dispute between the parties and whether the City intended to prevent the placement of leaflets on parked cars on the public way.  This resulted in far more briefing than this court ever imagined, which lasted through the end of 2015.  The plaintiff contends that there remains a live controversy, while the City contends that there is no case or controversy.

amended, the only remaining issue in this litigation is the constitutionality of Mass. Gen. Laws

ch. 266, § 126.  Docket No. 63.  Ms. Soto has opposed the joinder motion on the grounds that

her claims are not a facial attack on the constitutionality of the laws, but rather on the City's

interpretation of the state statute.  Docket No. 74.  The Attorney General's Office, in an email

dated September 21, 2015, reiterated that the Commonwealth has elected not to intervene in

this action under Fed. R. Civ. P. 5.1.  Docket No. 91.  Therefore, the record is devoid of the

Commonwealth's position as to whether it believes that Mass. Gen. Laws ch. 266, § 126 applies

to Ms. Soto's conduct.

     Additional facts will be provided below where appropriate.

### III.  ANALYSIS

### A.    Plaintiff's Claims for Declaratory and Injunctive Relief are Moot

     The crux of the plaintiff's complaint is her contention that she was denied the right to

place non-commercial leaflets on parked cars in violation of her First Amendment rights, and

that she is entitled to declaratory and injunctive relief to that effect.[4]  The parties agree that

any prohibition on the placement of leaflets on parked cars in this case constitutes "content-

neutral restrictions on the time, place, and manner of expression" and that the applicable

standard is whether the restrictions are "narrowly tailored to serve some substantial govern-

mental interest, and . . . leave open adequate alternative channels of communication."  New

---

[4]  The parties have limited their arguments to non-commercial speech and this court will do so as well.
It is undisputed that "the Constitution accords less protection to commercial speech than to other
constitutionally safeguarded forms of expression."  Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 64-
65, 103 S. Ct. 2875, 2879, 77 L. Ed.2d 469 (1983).  Nevertheless, a state's right to regulate commercial
speech is not unfettered.  See Sorrell v. IMS Health Inc., 564 U.S. 552, 571-72, 131 S. Ct. 2653, 2667-68,
180 L.Ed.2d 544 (2011) (discussing State's burden when restricting commercial speech).

England Reg'l Council of Carpenters v. Kinton, 284 F.3d 9, 20 (1st Cir. 2002).  See also id. at 19
(recognizing that "[t]hough solicitously protected," "the right to leaflet is not absolute.").
Neither the First Circuit nor the Massachusetts Supreme Judicial Court has evaluated whether
placing leaflets on parked cars is constitutional, and other jurisdictions have reached differing
results.  Compare Klein v. City of San Clemente, 584 F.3d 1196, 1200-02 (9th Cir. 2009) (city
ordinance prohibiting leafleting of unoccupied vehicles parked on city streets not likely to
withstand constitutional challenge absent proof of a nexus between leafleting and increase in
litter) with Jobe v. City of Catlettsburg, 409 F.3d 261, 267-69 (6th Cir. 2005) (city ordinance
prohibiting individuals from placing leaflets on car windshields without the owner's consent
found consistent with the First and Fourteenth Amendments).  In light of the posture of this
case, this court declines to issue an advisory opinion on whether banning leafleting on parked
cars in Cambridge is constitutional.

### Request for Rulings Regarding the Repealed Ordinance

The parties dispute whether the old City Ordinance, which by its terms makes no
mention of leaflets placed on parked cars, prohibited the placement of such non-commercial
flyers.  The plaintiff argues that it did not apply to Ms. Soto's actions, while the City argues that
it did.  Nevertheless, Ms. Soto continues to seek a ruling that her constitutional rights were
violated by the Cambridge police officer who purported to act in accordance with the
Ordinance.  Since such a ruling would be advisory only, this court will not reach the issue.

There is no question that the new Ordinance does not prohibit placing leaflets on
parked cars.  This court raised the question whether, in light of this new Ordinance, this case is
moot or whether there remains a live case or controversy.  Since "mootness is an issue of

subject matter jurisdiction," it was appropriate for the court to raise the issue *sua sponte*.  Coll. Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany, 610 F.3d 33, 35 (2d Cir. 2010) (citing, inter alia, Muhammad v. City of New York Dep't. of Corr., 126 F.3d 119, 122-23 (2d Cir. 1997)).  Ms. Soto argues that the case remains alive, while the City argues that it is moot.

This court is restricted to deciding "actual controversies by a judgment which can be carried into effect, and [is] not [permitted] to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it[.]"  Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union v. Missouri, 361 U.S. 363, 367, 80 S. Ct. 391, 394, 4 L. Ed. 2d 373 (1960) (internal quotations omitted).  Accord Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 64-65 (1st Cir. 2002), and cases cited.  "The doctrine of mootness enforces the mandate 'that an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed.'"  Mangual v. Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003) (quoting Steffel v. Thompson, 415 U.S. 452, 460 n.10, 94 S. Ct. 1209, 39 L. Ed. 2d 505 (1974)).  "Mootness is a ground which should ordinarily be decided in advance of any determination on the merits.  Further, [courts] are obligated to follow the doctrine of constitutional avoidance, under which federal courts are not to reach constitutional issues where alternative grounds for resolution are available."  Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013) (internal citation omitted). In light of the fact that the relevant City Ordinance has been repealed, there is no basis for this court to issue either the injunctive or declaratory relief being sought by the plaintiff relating to

the meaning of the repealed Ordinance. "[I]t would be pointless either to enjoin the enforce-ment of a regulation that is no longer in effect or to declare its constitutional status." <u>New England Reg'l Council of Carpenters</u>, 284 F.3d at 18 (in light of new regulations adopted during litigation, issues relating to constitutionality of old regulations limiting leafleting were moot). <u>See</u> <u>also</u> <u>Coll. Standard Magazine</u>, 610 F.3d at 35 (declining to address constitutionality of repealed statute since "[a]ny declaration that the policy was unconstitutional would be strictly advisory.").

**Potential Enforcement of Mass. Gen Laws ch. 266, § 126**

The plaintiff argues that the controversy is not moot because the City may seek to prohibit leafleting on parked cars based on its interpretation of Mass. Gen. Laws ch. 266, § 126. As noted above, the plaintiff denies that the Statute applies to leaflets placed on parked cars, as opposed to documents more permanently affixed to structures. The Commonwealth has not expressed an opinion as to the scope of the Statute, has not intervened in this action, and has expressly "not claimed an interest relating to the subject of the action." Docket No. 91 (internal quotations and punctuation omitted). The City has taken the position that the Statute prohibits the placement of leaflets on parked cars, but also asserts that there is no evidence that the City will seek to prohibit the placement of leaflets on the basis of its interpretation of the Statute. This court agrees that the plaintiff's concern regarding efforts by the City to enforce the statute in the future is merely speculative.

The record is devoid of any evidence that the Statute alone ever was used as the basis for prohibiting leafleting of non-commercial announcements.[5]  While mentioned in the 1994 Opinion Letter, the Letter opined on the placement of commercial literature.  Moreover, the Letter referenced both the Ordinance and the Statute, and did not rely on the Statute itself.  In connection with the instant case, the Commonwealth has not affirmed the City's interpretation of the Statute, although given the opportunity to do so.  Given these facts, this court cannot find it likely that the City will rely on the Statute to prohibit leaflets being placed on cars.  This is especially true since prohibiting the placement of leaflets on parked cars would be entirely inconsistent with the Ordinance as amended.  This court finds that there is no longer a live controversy for this court to address.

This is not a case which raises the "capable-of-repetition" exception to the mootness doctrine.  See Conference of Catholic Bishops, 705 F.3d at 56-57.  This doctrine "applies only in exceptional situations," and requires the plaintiff to establish that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  Id. at 57 (internal quotations and citations omitted).  Neither component is met here.  Ms. Soto had been leafleting for many years while the Ordinance and Statute were in effect – there would have been sufficient time for the issue to wind its way through the

---

[5]  The only time the Statute has been cited as support for a prohibition on leafleting was in the 1994 Opinion Letter regarding commercial speech.  That Letter did not address the current situation, i.e., the placement of non-commercial leaflets on parked cars.  It stretches the imagination to suggest that the City of Cambridge would rely on the Statute when the Commonwealth has not joined in its interpretation of the Statute and the City Ordinance was expressly amended to allow the leafleting at issue in the instant case.

courts if a true constitutional controversy existed.  See id.  As for the second element, Ms. Soto

has continued her leafleting activities for many years since the December 12, 2011 encounter

without interference.  This was true even before the Ordinance was amended.  Ms. Soto cannot

meet her burden of proving that there is a "reasonable expectation" or "demonstrated

probability" that she will be subject to the same action again.  Id. (internal quotations and

citation omitted).  If she is, it would be on a different set of facts and legal posture than is

presently before this court.

### Nominal Damages

Finally, the plaintiff argues that this case cannot be considered moot because she is

seeking nominal damages for the events of December 12, 2011.[6]  This court recognizes that

there are cases in which a valid claim for nominal damages avoids a finding of mootness. See

13C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure

§ 3533.3 n.47 (3d ed. 2008) (collecting cases).  Nevertheless, given the posture of the present

litigation, nominal damages alone are insufficient to keep this case alive.

As an initial matter, this court finds that there are disputed facts as to whether the City

of Cambridge had a custom or policy of prohibiting leaflets from being placed on parked cars,

thereby precluding the entry of summary judgment on the merits in this case.  This case

---

[6]  While the plaintiff is also seeking attorneys' fees, it is well established that a claim of attorneys' fees is
"insufficient to create an Article III case or controversy where none exists on the merits of the under-
lying claim."  Davidson v. Howe, 749 F.3d 21, 27 & n.7 (1st Cir. 2014) (quotations and citations omitted).
In any event, in the instant case there is an argument that the plaintiff would not be entitled to
attorneys' fees since the case was moot before a ruling on the merits.  See Ford v. Bender, 768 F.3d 15,
30-31 (1st Cir. 2014) (party may recover attorneys' fees for constitutional violation if the party prevailed
in the District Court before the case became moot); New England Reg'l Council of Carpenters, 284 F.3d
at 30 (no award of attorneys' fees where regulations governing leafleting were revised by defendant
without court order).  However, that issue is not before the court.

presents the unusual posture where the City admitted that it had such a policy, but the facts

are to the contrary.  There is no written evidence in the form of tickets, warnings, or the like

which indicate that the "policy" was being enforced in any significant manner.  It is undisputed

that no criminal charges were ever brought for leafleting, and no fines were ever sought.  The

Compliance Officer of the Public Works Department denies that placing leaflets on parked cars

was precluded by the Ordinance.  The plaintiff, herself, says that she placed the flyers on cars

for years without interruption, both before and after the incident of December 12, 2011.  She

also argues that neither the Statute nor the Ordinance, by their terms, prohibited her place-

ment of flyers on the cars.  "[I]t is black letter law that litigants cannot confer jurisdiction on a

federal court by their agreement alone."  Duffy v. Quattrocchi, 576 F. Supp. 336, 341 (D.R.I.

1983) (suit for declaration that prohibition on bringing signs into a legislative public hearing was

unconstitutional was moot in light of evidence that prohibition was a one-time event: parties

could not stipulate that the situation might occur again in the future).  Here, the undisputed

facts fail to establish that there was a municipal policy or custom which would serve as the

basis for the plaintiff's constitutional claim.  See Robinson v. Town of Kent, 835 F. Supp. 2d 1,

8-9 (S.D.N.Y. 2011) (allegations that plaintiff was precluded by police from distributing a flyer

"reflect[ed] a single, isolated incident of allegedly improper conduct of the individual Defen-

dants" and not a municipal custom or policy).  Therefore, absent mootness, plaintiff's motion

for summary judgment would be denied on the merits, and the parties would try a case for

nominal damages on a repealed Ordinance.  Under such circumstances, "an award of nominal

damages [should not] keep an otherwise deflated claim afloat."  Duffy, 576 F. Supp. at 342.

[16]

Moreover, under the facts of this case it would be inconsistent to allow the case to go forward while finding that the request for declaratory relief concerning the constitutionality of the repealed Ordinance was moot.[7]  The rationale for allowing an otherwise moot case seeking nominal damages to go forward is that the alleged "wrong is worthy of vindication by an essentially declaratory judgment."  13C Federal Practice & Procedure § 3533.3.  Here, however, to confer nominal damages based on an Ordinance that has been repealed "would have *no* effect on the parties' legal rights."  Morrison v. Bd. of Educ. of Boyd Cty., 521 F.3d 602, 611 (6th Cir. 2008) (citing Utah Animal Rights Coal. v. Salt Lake City Corp., 371 F.3d 1248, 1268 (10th Cir. 2004) (McConnell, J., concurring) ("Where . . . the challenged past conduct *did not give rise to a compensable injury* and there is no realistic possibility of a recurrence, nominal damages would have no more legal effect than would injunctive or declaratory relief in the same case.") (emphasis added)).  There is no basis to provide declaratory relief here, and the award of nominal damages would accomplish nothing.  See id. (allowing a case "to proceed to determine the constitutionality of an abandoned policy – in the hope of awarding the plaintiff a single dollar – vindicates no interest and trivializes the important business of the federal courts.").  Thus, this court concludes that the matter is moot and the request for nominal damages does not keep it alive.

---

[7]  Some courts have analyzed the issue of whether a moot case seeking only nominal damages should proceed as raising an issue of standing.  See Morrison v. Bd. of Educ. of Boyd Cty., 521 F.3d 602 (6th Cir. 2008).  A plaintiff may establish Article III standing "by tracing a concrete and particularized injury to the defendant – whether actual or imminent – and establishing that a favorable judgment would provide redress."  Id. at 608.  Where the issue raised has become moot, however, and nominal damages will not provide redress, the litigation has been found to fail to satisfy the second requirement for standing.  Id. at 611.

B.     **Motion to Join the Commonwealth as a Party**

The City has moved to add the Commonwealth as an indispensable party under Fed. R.

Civ. P. 19(a)(1)(B)[8] on the grounds that this suit centers on the constitutionality of Mass. Gen.

Laws ch. 266, § 126, and that the Commonwealth has a legally protected interest in defending

the constitutionality of the state law.   Docket Nos. 63, 64.   Thus, the City has asked that the

court "order that the Commonwealth be joined as a required party in this matter."   Docket No.

64 at 6.   The plaintiff opposes joinder on the grounds that although the "City rests its enforce-

ment policy on its interpretation of the state Statute, M.G.L. c. 266 § 126[,]" the statute does

not apply to Ms. Soto's conduct.   Docket No. 74 at 1.   Moreover, according to Ms. Soto, she is

not challenging the constitutionality of the statute, just the constitutionality of the City's

enforcement policy.   Id.[9]   It is clear that the joinder of the Commonwealth is not feasible, since

"states are immune under the Eleventh Amendment from private suit in the federal courts,

_____

[8] Fed. R. Civ. P. 19(a)(1) provides in relevant part as follows: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if ... (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

[9] The plaintiff repeatedly argues that she is not challenging the constitutionality of the statute, she is just arguing "that the ***City's interpretation*** of the law is incorrect and cannot withstand constitutional scrutiny." See, e.g., Pl.'s Response to Motion to Join Commonwealth (Docket No. 74) at 2 (emphasis in original).   This argument is not persuasive.   The plaintiff has asked this court to determine that the Statute does not apply to her actions, and that if it does apply, the Statute is unconstitutional.   See, e.g., Am. Compl. ¶ 55 ("Soto is entitled to declaratory judgments that: (i) the Defacement Statute, upon which the City's policy is based, does not prohibit the placement of non-commercial leaflets on parked automobiles; and (ii) to the extent that the Defacement Statute is deemed to prohibit the placement of non-commercial leaflets on parked automobiles, the Defacement Statute violates Soto's rights under 42 U.S.C. § 1983 and the First Amendment.").   Thus, to afford the plaintiff the relief requested, if this court finds the state Statute applicable to the facts of this case, this court would also have to rule on the Statute's constitutionality.

absent their consent." <u>Wojcik v. Mass. State Lottery Comm'n</u>, 300 F.3d 92, 99 (1st Cir. 2002) (quoting <u>Greenless v. Almond</u>, 277 F.3d 601, 606 (1st Cir. 2002)).  The Commonwealth has indicated that it will not join the litigation voluntary.  In light of this court's ruling that this case is moot, there is no case for the Commonwealth to join, and no further discussion is necessary. The motion to join the Commonwealth as a party is denied.

### IV.  <u>CONCLUSION</u>

For all the reasons detailed herein, the plaintiff's Motion for Summary Judgment (Docket No. 49) and the defendant's Motion to Join the Commonwealth as a Required Party Defendant Pursuant to Fed. R. Civ. P. Rule 19(a) (Docket No. 63) are DENIED.

<u>/ s / Judith Gail Dein</u>
Judith Gail Dein
United States Magistrate Judge
